Walker v. Stoddard.

———◄●○●►———

WALKER v. STODDARD CIRCUIT JUDGE.

1. A judge would not be required by the supreme court to sign as a bill of exceptions a document containing neither the testimony nor the motions made and overruled, but simply calling for their insertion therein.

*Application for a Mandamus.*

The facts in this case sufficiently appear in the opinion of the court.

*Tyrrell,* for Walker.

SCOTT, Judge, delivered the opinion of the court.

This is a petition to compel the judge of the circuit court of Stoddard county [to sign a bill of exceptions]. Without inquiring at this time in relation to the power of this court over the subject of the petition, it will be sufficient to observe that annexed to the petition for a mandamus is a copy of the bill of exceptions, which the judge was required to sign. The signing of such an instrument would avail the party nothing. Such a bill of exceptions would avail in this court no more than a piece of blank paper. Instead of setting out the evidence to be preserved in the bill of exceptions, there is this memorandum: "Here insert testimony." Instead of setting out the motions for a new trial and in arrest of judgment, there is the following note: "Here insert motion." It is obvious that nothing can be gained by signing such a bill of exceptions, as it is nothing more than a skeleton. Motion for a mandamus overruled. The other judges concur.