MOSES M. BROADWELL, Respondent, v. HENRY B. BOUTON, Appellant.

*Practice—Instructions— Bill of Exceptions.*—To present matter of error in the giving or refusing of instructions, the evidence upon which they are based must be presented in the bill of exceptions.

*Appeal from Kansas City Common Pleas Court.*

Plaintiff sued defendant on an account of one hundred dollars, for goods sold and delivered to defendant by Wheatly & Thatcher, a mercantile firm, alleging an assignment by them to him (plaintiff) of said account.

Defendant answered admitting the purchase and sale, but denying all indebtedness, and also denying all knowledge or information, &c., of the alleged assignment. The answer further alleged that long before the supposed assignment of the account sued on he held for collection a note for eight hundred and three $\frac{17}{100}$ dollars, on said firm of Wheatly & Thatcher, and had an interest in said note exceeding the amount of said account; that no part of said note had ever been paid except the amount of the account which was made by defendant in order to collect so much of said note, and was understood at the time by both Wheatly & Thatcher and defendant to be in part payment thereof. To this answer there was no demurrer or reply.

The cause was submitted to the court for trial upon petition and answer. The court, at the instance of the plaintiff, and against defendant's objections, declared the law of the case as follows, viz. : " The matters set up in the answer are no defence to this action, and upon the evidence the verdict ought to be for the plaintiff for the sum of one hundred dollars, and interest thereon, from the 27th day of May, 1862, at the rate of six per cent. per annum." Defendant excepted, and asked instructions, asserting his right to set off or apply so much of said note as belonged to him in payment of said account. These instructions were refused, and defendant excepted. The court rendered judg-

ment for plaintiff. Defendant moved to set aside, which motion being overruled, he excepted, and took up the case by appeal.

*H. B. Bouton*, for appellant.

I. The instruction given for plaintiff was erroneous.

1st. Because it assumed the functions of a demurrer to a counter-claim or set-off, and of a motion to strike out, which, if filed within the time required by law and before trial, and sustained, would have enabled defendant to amend—Prac. Act, R. C. 1855, p. 1233, § 15, and p. 1237, § 40 ; Simmons v. Sisson, 26 N. Y. 270, 271.

2d. Because the matters alleged in the answer constituted a complete defence. It contained (*a*) a denial of all indebtedness ; (*b*) a denial of the assignment ; (*c*) it set up a counter-claim or set-off—Prac. Act, p. 1233, §§ 13 & 14.

3d. Because it (the instruction) excluded all evidence, and relieved the plaintiff of the necessity of making any proof whatever, even of the alleged assignment—26 N. Y. 270, 271.

4th. The instructions of defendant should have been given —R. C. 1855, p. 322, § 4.

II. The judgment is against law.

1st. Because plaintiff having failed to demur, or reply to defendant's counter-claim, judgment should have gone for defendant—Prac. Act, R. C. 1855, p. 1233, § 16; Simmons v. Sisson, 26 N. Y. (Ct. of App.) p. 270–1.

2d. Because the action was founded on an unliquidated demand, and it does not appear from the bill of exceptions that plaintiff adduced any evidence in support thereof.

*Douglass & Gage*, and *Ewing & Smith*, for respondent.

There is no evidence preserved in this case, and the judgment in this case cannot be reversed, even though the instruction given in the case is erroneous, inasmuch as the evidence, nor no part thereof, is preserved in the bill of exceptions—8 Mo. 617 ; 9 Mo. 165 ; 7 Mo. 285, 288.

Broadwell v. Bouton.

It was the duty of the plaintiff in error to show by his bill of exceptions errors of the court below, and the presumptions are in favor of the judgment—9 Mo. 807 ; id. 50.

The motion to set aside the judgment, &c., in this case was properly overruled, we think ; but whether it was or was not, so the judgment ought to stand undisturbed, since there is no case here that this court can look into.    This court cannot tell whether the court below erred or not unless the bill of exceptions had presented the evidence, which was not done.

The bill of exceptions, nor the record, does not show that the defendant asked any instructions.    The instructions are not preserved in the record.

FAGG, Judge, delivered the opinion of the court.

There is but one point in this case to be considered.    It was a suit brought by the respondent against the appellant in the Kansas Court of Common Pleas, and tried without the intervention of a jury.    One instruction was given at the instance of the plaintiff below which is preserved in the bill of exceptions, and the fact stated that instructions were asked on the part of the defendant, but they are not set out either in form or substance.

No part of the evidence is contained in the bill of exceptions, except the note which was relied upon by the defendant, Bouton, as a set-off to the plaintiff's claim.

It is nowhere shown that this was the only evidence in the cause, and this court cannot assume that fact to be true. The judgment recites the fact that after " hearing the evidence " the court found the amount of defendant's indebtedness to plaintiff, and the declaration of law made by the court assumed his right to recover " upon the evidence." To ascertain whether or not the instructions given or refused in any case are erroneous, the evidence upon which they are based must be preserved in the bill of exceptions. The previous decisions of this court upon that point are so

numerous and uniform in their character, that the reasons upon which they rest need no repetition in this case.

The judgment of the court below must be affirmed. The other judges concur.