THE STATE *ex rel.* HARBER v. WEAR, *Circuit Judge.*

1. **Practice**: EXCEPTIONS : SKELETON BILL. Motions and documentary evidence filed in a cause or deposited with the clerk may be called for in making up a skeleton bill of exceptions.

2. —— : —— : ORAL EVIDENCE. The judge is not called upon to sign a bill of exceptions as a true one until the oral evidence in the cause has been written out and made a part of the bill, so that he may have opportunity to examine and correct it.

3. ——— : ——— : ——— : STENOGRAPHER'S NOTES. In preparing bills of exceptions parties are not required to resort to the stenographer's copy of the oral evidence, but they may write it out from their notes or from memory, as was formerly done.

## Mandamus.

DEMURRER TO RETURN OVERRULED.

*John F. Lane* and *W. N. Nalle* for relator.

*John M. Wood*, Attorney General, for respondent.

BLACK, J.—The defendant, having been convicted of murder in the first degree, appealed to this court. The transcript contains no bill of exceptions, and on the petition of defendant an alternative writ of *mandamus* was issued, commanding the judge before whom the cause was tried to sign the bill of exceptions or show cause, etc. The judge made return to the writ and the defendant filed a reply, which he asks to be taken as a demurrer ; and since it is in effect a demurrer it will be treated as such.

The return discloses these facts : An appeal was allowed by the court on the fifteenth of November, 1889, and on the same day counsel for the defendant presented to the judge a skeleton bill of exceptions which did not set out any of the evidence, but contained this call : "(Clerk will here attach the state's evidence offered and given in chief, as furnished by stenographer.)" There is a like call for the evidence introduced by the defendant, and by the state in rebuttal. The judge was of the opinion that the bill should not be signed in that shape, and suggested that the notes of the stenographer be written out, and when written out, and made to include the defendant's written confession, the whole should be examined by counsel and the court and the bill of exceptions then settled. To this suggestion counsel for the defendant assented,

and an order was made by the court extending the time for filing the bill of exceptions until the fourteenth of December following, and the judge then placed the skeleton bill in a drawer attached to his bench in the court room. The stenographer completed his transcript about a week before the expiration of the time allowed for filing the bill. Thereupon the judge caused that fact to be communicated to counsel who represented defendant, and requested them to complete the bill of exceptions so that it might be signed. Counsel for defendant paid no attention to the notice and request, and no bill of exceptions, other than the skeleton bill before mentioned, was ever presented to the judge for his approval or disapproval.

It is the common and approved practice in making up a skeleton bill of exceptions to call for motions and documentary evidence filed in the cause or deposited with the clerk. The party taking the bill must, however, cause the oral evidence to be written out, and it must be made a part of the bill, so that it may be examined by the judge and corrections made. Until the oral evidence is written out the judge is not called upon to sign the bill as a true one. As the oral evidence in this case was not written out or submitted to the judge with the skeleton bill he was right in refusing to approve the bill as first presented. Time for filing the bill having been given, it devolved upon the defendant to present the bill to the judge with the evidence incorporated therein for his examination and signature. This the defendant did not do. The facts stated in the return show that it is the defendant and his counsel who are in default and not the judge.

We are cited to section 6 of the act of June 1, 1889 (Acts of 1889, p. 294), being section 8251 of the Revised Statutes of 1889. That section does require the official stenographer, in counties having less than forty-five thousand inhabitants, to transcribe and furnish duplicate copies of the parol evidence, one to the party

desiring to prosecute the appeal or writ of error, and the other to the clerk. But there is nothing in the section which gives any countenance to the proposition that the judge should sign the bill of exceptions before the transcript for the party requesting it is produced. The very object in requiring one copy to be furnished the party desiring to prosecute the appeal or writ of error is that the copy may be used in making up the bill of exceptions. The other copy is to be used by the clerk, at reduced fees, in making out a transcript for the appellate court.

Parties are not required to resort to the stenographer's copy of the parol evidence. They may write it out from their notes or from memory, as was formerly done. In the case before us the judge might have refused to sign the skeleton bill because untrue, and certified the cause of his refusal. But, being desirous that defendant should have a bill which would be of some avail on appeal, he suggested that time be taken for filing the same, which was done. His duty in the matter then ceased, until defendant presented a bill containing the oral evidence. Taking the return as true, which we must, the demurrer is overruled. If the defendant desires to make an issue of fact on the return he can do so by filing a proper pleading within sixty days from this date. BARCLAY, J., absent; the other judges concur.