OF THE

# STATE OF MISSOURI,

AT THE

**APRIL TERM, 1891.**

(*Continued from Vol. 104.*)

---

TIPTON *et al.* v. RENNER *et al.*, *Appellants.*

---

DIVISION ONE.

---

1. .Practice : SKELETON BILL OF EXCEPTIONS : DOCUMENTARY EVI-
DENCE. Documentary evidence may be called for in a skeleton bill
of exceptions properly identifying it, without setting it out in full
in the bill.

2. ——— : ——— : ORAL EVIDENCE. The foregoing rule of practice,
however, is inapplicable to oral evidence given on the trial,
although reported by the official stenographer.

3. ——— : ——— : ———. A trial judge ought not to sign a bill of
exceptions until the oral evidence is written out and made a part
of the bill, and unless this is done such evidence will be disre-
garded in the supreme court, even though the bill was so signed
and filed by consent of parties.

*Appeal from Audrain Circuit Court.*—HON. E. M.
HUGHES, Judge.

| 105 | 1 |
|---|---|
| 106 | 467 |
| 106 | 574 |
| 105 | 1 |
| 48a | 300 |
| 105 | 1 |
| 54a | 30 |
| 54a | 222 |
| 105 | 1 |
| 59a | 16 |
| 105 | 1 |
| 62a | 20 |
| 105 | 1 |
| 65a | 180 |
| 105 | 1 |
| 136 | 100 |
| 105 | 1 |
| 152 | 558 |
| 105 | 1 |
| 154 | 544 |
| 105 | 1 |
| 89a | 262 |

AFFIRMED.

*Duncan, Jesse & Bryan* for appellants.

(1) The court erred in setting aside the sale and canceling defendants' deed. The sheriff had full power and authority, under the school-fund mortgage and the order of the county court, to levy upon, advertise and sell the land set forth in the school-fund mortgage. R. S. 1889, secs. 8059, 7091, 7088; *Kelly v. Hurt*, 61 Mo. 463. (2) Under section 8059, Revised Statutes of 1889, the levy by the sheriff and the advertisement were strictly proper. There was no evidence of fraud or bad faith, either on the part of the sheriff in making the sale or of the defendant in buying at said sale; and even if there had been any irregularity or defect in the notice defendant was unaffected by it, being an innocent purchaser. *Draper v. Bryson*, 17 Mo. 71; *Ladd v. Shippe*, 57 Mo. 530; *Curd v. Lackland*, 49 Mo. 454. (3) Inadequacy of price is no ground for setting aside a sale otherwise fair and regular. *Hammond v. Scott*, 12 Mo. 8; *Weier v. Zell*, 31 Mo. 331; *Parker v. Railroad*, 44 Mo. 421; *Beedle v. Mead*, 81 Mo. 307. (4) There was no misconduct on the part of the sheriff in selling the entire sixty acres of land situated as shown by the evidence in mass. The statutory provision that the sheriff shall divide real estate offered for sale under execution is merely directory. *Shehan v. Stockhouse*, 10 Mo. App. 469. (5) The neglect of the sheriff to sell the land by its smallest subdivisions would not invalidate the sale. *Wellshear v. Kelley*, 69 Mo. 343; *State ex rel. v. Sargent*, 12 Mo. App. 233; *Hicks v. Perry*, 7 Mo. 346; *Rector v. Hartt*, 8 Mo. 448. (6) There was no evidence that the land would have sold better if it had been divided. On the contrary, plaintiff Tipton testified that it would sell better if it was not divided. (7) The court erred in permitting plaintiff Tipton to testify as to the conversation had with Mr. Locke in which he

Tipton v. Renner.

agreed to give him personal notice and extend the time for payment of interest. The mortgage stated the terms of the contract, which could not be changed by the county clerk. (8) The objection that the bill of exceptions does not call for the evidence is not well taken, especially in view of the written statement of respondents' counsel at the time.

*W. W. Fry* for respondents.

(1) The transcript of evidence should not be considered. The original bill of exceptions did not contain the evidence. Calling for the evidence by "Here insert the evidence" is not sufficient. *Morrison v. Lehue*, 17 Mo. App. 633; *McNeil v. Ins. Co.*, 30 Mo. App. 306. (2) The bill calling for testimony taken by shorthand reporter does not properly preserve the evidence, especially when the stenographer's transcript is not attached and made a part of the bill. In this case there was no court stenographer. Sess. Acts, 1887, p. 145. There was only a general objection to the evidence preserved in the bill of exceptions. *State v. Walker*, 98 Mo. 95. No demurrer to the evidence nor motion in arrest was preserved in the bill, and cannot be considered. Nor does it appear from the appellants' abstract an exception was saved to the court's overruling the motion for new trial. The motion for new trial does not allege the verdict is against the weight of the evidence, and that point is not saved. *Orr v. Rode*, 101 Mo. 387. (3) The sheriff, in giving notice of the sale, did not obey the order of the county court, nor sell according to the terms of the mortgage. The notice was of a sheriff's sale by virtue of an execution to satisfy the execution, and charged that he had levied on and seized the land. It was a mortgage sale, and the notice should have so stated, giving the book and page where recorded. R. S., sec. 7093. (4) It should appear from the notice that it is for the purpose of foreclosure, and

show a default has occurred by the terms of the mortgage. Jones on Mortgages [4 Ed.] sec. 1839 ; *Powers v. Kueckhoff*, 41 Mo. 425 ; *Eitelgeorge v. Ins. Co.*, 69 Mo. 55 ; *Scheidt v. Crecelius*, 94 Mo. 327. (5) The sheriff should sell no more of the lands than is necessary to satisfy the execution, and where he fails and it appears it might have been divided, and a part would have satisfied the execution, the sale will be set aside. *Gordon v. O'Neil*, 96 Mo. 350; *State ex rel. v. Yancey*, 61 Mo. 397; *Judge v. Booge*, 47 Mo. 544. (6) This court in an equity case will defer to the finding of the trial court in matters of fact, and there is no other issue saved herein, and that is not a cause in the motion for new trial. *Mathias v. O'Neil*, 94 Mo. 520.

BLACK, J.—The plaintiffs, Tipton and Gilbert, brought this suit in equity against Renner and others for the purpose of setting aside a sale made by the sheriff of Audrain county under a deed of trust executed by the former owner of the land to secure money borrowed from the school fund. The court set the sale aside, and the defendant appealed. The petition states a good cause of action, and there is nothing in the record proper to call for or justify a reversal. We must, therefore, look to the bill of exceptions, and in doing this the first question is, whether the parol evidence is preserved in a way that we can take any notice of it.

The skeleton bill signed by the judge, after calling for the deed of trust, order of the county court and sheriff's advertisement, is in these words :

"The plaintiff then introduced parol testimony as follows : (Here copy testimony taken by shorthand reporter.) To the introduction of which defendant objected on the ground of incompetency, and his objection being overruled by the court he saved his exceptions at the time." Coming to the defense we have this statement: "Defendant also introduced the following witness who testified as follows: (Here copy

testimony taken for defendant by shorthand reporter.)
To the introduction of which plaintiff objected on the
ground of incompetency and irrelevancy, and, objection
being overruled, plaintiff excepted at the time, and this
was all the evidence in the cause."

The practice of filing a skeleton bill of exceptions in
the circuit court had long prevailed in this state, and is
now well established. Thus, it is sufficient to say plain-
tiff read in evidence a deed, deposition on file or other
document, describing the same, so there can be no mis-
take as to its identity, and concluding, "which is in
words and figures as follows," or with words of like
import. This will be sufficient to authorize the clerk to
fill out the bill by inserting the document. *Crawford
v. Spencer*, 92 Mo. 498-510 ; *Myers v. Myers*, 98 Mo.
262-271. But we have held that a judge will not be
required to sign a bill of exceptions as a true bill until
the oral evidence is written out and inserted in or
attached to the bill, and this, too, though the evidence
was taken down by an official stenographer. *State ex
rel. Harber v. Wear*, 101 Mo. 414 ; *Walker v. Stoddard*,
31 Mo. 123; *Tobert v. Bartlett*, 26 Mo. App. 619 ;
*McNeil v. Ins. Co.*, 30 Mo. App. 306.

It is the business of the judge who tried the case
to say what evidence was introduced, and he cannot
devolve this duty upon the clerk, the reporter or coun-
sel. It is perfectly plain that he cannot sign a bill as
a true one until the parol evidence is written out and
made a part thereof. He ought not to sign it until this
is done, and, if he does sign the bill before such evi-
dence is written out and inserted, the evidence must
be disregarded in this court. It is just as important
now that this character of evidence should be written
out and inserted in the bill before it is signed as it was
in days when we had no official reporters; for the evi-
dence as written out by the reporters from their notes
taken on the trial, is generally full of mistakes and
errors, and incumbered with a mass of immaterial and

useless matter, which has no place in the record and should be eliminated before the bill is signed.

There is a contention made known to us by affidavits filed in this court, that counsel on both sides agreed that this bill might be signed and filed in the shape in which we find it. That agreement must be and is disregarded, for, as has been said, it was the duty of the judge to say what evidence was produced and admitted or rejected, and this he must do by a proper bill of exceptions. The judgment is affirmed. BARCLAY, J., dissents; the other judges concur.