THE STATE v. DALTON, *Appellant.*

DIVISION TWO.

1. **Criminal Law**: RAPE : INDICTMENT. An indictment for .rape alleging that the accused ravished one M., a female child under the age of twelve years, and in the same connection charges him with ravishing one M., a woman, all the facts necessary to constitute the crime being clearly contained in each charge, though run together in one sentence, without such punctuation as would indicate the end of one charge and the beginning of the other, contains two counts and properly charges the offenses of ravishing a female child under twelve and a woman of the age of twelve years or upwards, under section 1253, Revised Statutes, 1879.

2. **Practice**: SKELETON BILL OF EXCEPTIONS : CALL FOR EVIDENCE. A call for the insertion of the evidence in a skeleton bill of exceptions will be sufficient to authorize the clerk to copy it into and make it a part of the record, when the transcript of the evidence as made by the stenographer has been examined and approved by the judge and has been attached to the bill.

3. ———: VERDICT : PUNISHMENT. Where the punishment assessed by the jury in any case is less than the minimum prescribed by law the court should render judgment for the lowest limit prescribed by law in the given case. ( R. S. 1889, sec. 4230.)

4. **Criminal Law**: RAPE : PROOF. Penetration is necessary to constitute rape, and where not proved the offense is not made out.

5. ———: PRACTICE : ASSAULT WITH INTENT TO COMMIT RAPE. On a trial for rape, the accused may be convicted of an assault with intent to ravish, where the evidence shows that he got into bed with the complaining witness and took improper liberties with her while she was asleep, with intent at the time of carnally knowing her, although his purpose was not accomplished, he having made preparations and taken steps towards its accomplishment, with the present means of carrying it into effect.

*Appeal from Douglas Circuit Court.*—HON. W. I. WALLACE, Judge.

REVERSED AND REMANDED.

*M. B. Clarke* for appellant.

(1) The oral evidence in the case having been written out in full, examined and certified to be correct by the trial judge, and attached to and made a part of the bill of exceptions before it was signed, is properly preserved. *Tipton v. Renner*, 105 Mo. 1 ; *State v. Wear*, 101 Mo. 414. (2) The evidence in this case is insufficient to sustain a conviction for rape. *First.* Penetration was not shown. " While the slightest penetration is sufficient there must be proof beyond a reasonable doubt of some." Wharton's Criminal Law [ 9 Ed. ] art. 555 ; Bishop on Criminal Law [ 7 Ed. ] art. 1132. *Second.* Nothing is shown beyond solicitation, which is not a crime. *State v. Priestly*, 74 Mo. 24. *Third.* Although there were neighbors living within one hundred yards of the place where the alleged crime was committed, the prosecutrix made no complaint to them, but on the contrary, on the morning after the commission of the alleged assault, went about her usual duties at the defendant's house, went to school and staid all day, making no complaint to anyone until she met her sister, Callie, after the close of school in the evening. 3 Greenleaf on Ev. [ 13 Ed.] art. 213, and notes ; Roscoe's Crim. Ev. [ 7 Ed. ] p. 879 ; *Crockett v. State*, 49 Ga. 185. *Fourth.* The evidence does not disclose any violence or force on the part of defendant, nor the utmost resistance and reluctance, nor any fear, on the part of the prosecutrix. *State v. Perkins*, 11 Mo. App. 82 ; *Robinson v. Musser*, 78 Mo. 153; *State v. Burgdorf*, 53 Mo. 65.

*John M. Wood*, Attorney General, for the State.

(1) The indictment properly charges the offense, and no error was committed in overruling defendant's motion to quash. R. S. 1879, sec. 1253; *State v. Warner*, 74 Mo. 83 ; *State v. Hatfield*, 72 Mo. 519; *State*

*v. Meinhart*, 73 Mo. 562. Each count contained a criminal charge sufficiently alleged, and the repugnance between the two (if it be considered there is a repugnance) is not sufficient ground to quash the indictment. *State v. Mallon*, 75 Mo. 355. (2) No error was committed in overruling defendant's motion to require the state to elect. *State v. Jennings*, 98 Mo. 493; *State v. Pratt*, 98 Mo. 482; *State v. Mallon*, 75 Mo. 355, and cases cited. (3) There is no record of the filing of any bill of exceptions in this case, and there is, therefore, nothing but the record proper before this court for review, there being no bill of exceptions for consideration in this cause. *Roester v. Bank*, 88 Mo. 565; *Dinwiddie v. Jacobs*, 82 Mo. 195, and cases cited. (4) The court properly sentenced the defendant on the verdict returned to imprisonment in the penitentiary for five years, the verdict being for two years, which was less than the minimum punishment and unauthorized. R. S. 1889, secs. 4229, 4230.

MACFARLANE, J.—Defendant was indicted in two counts, by the circuit court of Oregon county, for rape upon Margie E. Mooney. A change of venue was taken by defendant to Douglas county, where the case was tried, and defendant convicted on the second count, and sentenced to five years in the penitentiary.

I. The first objection made in this court is directed against the sufficiency of the indictment, which contained two counts, making the charge that defendant, R. C. Dalton, at and in the county aforesaid, on the first day of August, 1887, in and upon the body of one, Margie E. Mooney, a female child under the age of twelve years, then and there being, unlawfully and feloniously did make an assault, and her, the said Margie E. Mooney, then and there, unlawfully, forcibly and feloniously did ravish and carnally know, against the peace and dignity of the state, and the grand jurors

VOL. 106—30

aforesaid, summoned from the body of the county of Oregon aforesaid, duly impaneled, sworn and charged as aforesaid, upon their oath aforesaid, do further present and charge that one R. C. Dalton, late of the county aforesaid, at and in the county aforesaid, on the first day of August, 1887, in and upon the body of one Margie E. Mooney, then and there, unlawfully, forcibly, without her consent and against her will, feloniously did ravish and carnally know, etc.

The commission of this offense is defined by section 1253, Revised Statutes, 1879, to be "either by carnally and unlawfully knowing any female child under the age of twelve years, or by forcibly ravishing any woman of the age of twelve years or upwards."

While the two counts in the indictment are inartificially run together in one sentence, and are without such punctuation as would indicate the end of the one, and the beginning of the other, a comparison of the charges therein made with the provisions of the statute, shows that every essential fact necessary to constitute the crimes is clearly charged. The indictment must be held to sufficiently charge each offense. *State v. Hatfield*, 72 Mo. 520 ; *State v. Meinhart*, 73 Mo. 562.

II.   Objection is made by the state to the consideration of the oral testimony on the ground that it was not properly preserved by bill of exceptions. This bill is in the skeleton form calling for the insertion of the evidence, as taken and transcribed by the stenographer. The question here presented has been considered by this court in some recent cases, and, from these decisions, as also from the statutes defining the duties of the official stenographers, and from the recognized rules of practice allowing skeleton bills to authorize the insertion in the record of such papers as are on file, and such documentary evidence as is sufficiently identified, we draw the conclusion that a call for the insertion of the evidence in the skeleton bill will be sufficient to authorize the clerk to copy it into and

make it a part of the record, when the transcript of the evidence as made by the stenographer has .been examined and approved by the judge, and has been inserted or attached to the bill of exceptions. *State ex rel. v. Wear*, 101 Mo. 414; *Tipton v. Renner*, 105 Mo. 1.

The practical application of this rule can work no hardship under the liberal provisions of the statute now in force, authorizing the court to grant time, in vacation, in which to prepare and file bills of exceptions. R. S. 1889, sec. 2168.

The bill of exceptions in this case recites that the evidence, as taken by the stenographer, is attached thereto, and calls for its insertion therein. The evidence is also indorsed by the judge of the court, under his hand, as follows: "The above is a correct copy of the testimony." Under the rule herein deduced the evidence was properly preserved.

III. The principal contention by defendant is "that the evidence failed to make out a case of rape, and that he was convicted without evidence that he had committed the crime charged in the second count in the indictment." This renders an examination of the evidence bearing on the question necessary. The prosecuting witness was living in the family of defendant, but in what capacity is not definitely shown. The rest of the family had been from home about a week. There was evidence tending to prove that the girl was under twelve years of age, but the weight of the evidence showed her to be thirteen years old, though small for that age. The girl slept in one room and defendant in another, a room being between them. Prosecuting witness testified, that after she had gone to sleep defendant came to her room and got into bed with her; when she awoke he was pulling up her clothes. She told him to get out of her bed. He said he would not do it; he told her to lie still; he still lay there. She told him she would not do it. He said he would give her a cow and

a calf. She told him she did not want it. The questions then asked witness and the answers given were as follows :

"*Q.* What occurred then ? *A.* He told me to lie still.

"*Q.* Did he hold you? *A.* He put his arm around my waist.

"*Q.* After he held you around the waist what occurred ? *A.* I cried.

"*Q.* What else did he do? *A.* He put his hands between my legs.

"*Q.* What else did he do ? *A.* He told me if I would let him do it, he would not tell it.

"*Q.* Can you tell what else he did then? What did he say ? *A.* He said he wanted to do it to me.

"*Q.* Then what did you say? *A.* I told him he could not.

"*Q.* What else did he do? *A.* He just still laid there.

"*Q.* Did you feel his private parts, if so where did you feel them ? *A.* I felt them against my legs ; he placed my hand on them."

This is all the evidence as to the occurrence. Next morning he told witness not to tell anyone that he came to her bed, and she said she would.

The jury found defendant guilty on the second count, thereby finding that the girl was over twelve years of age. The jury by their verdict fixed the punishment at two years' imprisonment. The court refused to receive the verdict, and sent the jury to their room under instructions that the lowest punishment was five years. They refused to change their verdict, and were discharged, and the court sentenced defendant to five years' imprisonment in the penitentiary, under authority of sections 4229 and 4230, Revised Statutes, 1889.

We think it clear that the evidence entirely fails to sustain the charge of rape. All the authorities agree that penetration is necessary to constitute the offense.

There has been some discussion by the courts, and difference of opinion, as to the extent of the penetration necessary to complete the crime, but none deny its necessity to some extent, or that it must be proven beyond a reasonable doubt. 2 Bish. Crim. Law, sec. 1132; 1 Whart. Crim. Law, sec. 554, and authorities cited.

We find no proof of this essential fact in this record. The prosecuting witness, who was questioned fully as to what was done and said by defendant on the occasion, and who seems to have answered frankly and truthfully, negatives the idea of any carnal knowledge. We must assume that she told all that occurred, and it fell short of proving that defendant committed the crime of which he was accused.

If, however, accused got into the bed with complaining witness and commenced pulling up her clothes, while she was asleep and unconscious, with the intention, at the time, of carnally knowing her while so unconscious, though his purpose was not accomplished, yet the preparation and acts towards its accomplishment, with the present means of carrying it into effect, would constitute an assault with intent to ravish, for which he might be convicted. *State v. Shroyer*, 104 Mo. 446, and authorities cited; R. S. 1879, sec. 1645.

If these acts were done by defendant without the intention of having carnal knowledge of the girl, while asleep, they only amounted to indecent and lascivious conduct to a child under his care and protection, and whose purity he should have guarded, which, however reprehensible morally, did not constitute rape, or an attempt to commit that crime.

Section 1655 provides that in all other cases (except assaults) "the jury, or court trying the case, may find the defendant not guilty of the offense as charged, and find him guilty of any offense, the commission of which is necessarily included in that charged against him."

An attempt to commit a rape is necessarily included in a charge of the actual perpetration of that crime, and under the evidence the court should have instructed the jury on the lesser offense. *State v. Frank*, 103 Mo. 120.

Judgment reversed, and cause remanded. All concur.