GEORGE L. GORWYN *et al.*, Respondents, v. WOODBRIDGE ANABLE, Appellant.

St. Louis Court of Appeals, February 23, 1892.

1. **Bill of Exceptions** : INCORPORATION OF EVIDENCE. Notwithstanding the applicability of the statute in relation to official stenographers in counties having forty-five thousand inhabitants or less, evidence, which is not incorporated, but merely called for in a bill of exceptions, will be disregarded by this court, if a transcript thereof was not made at the time of the signature of the bill; evidence thus referred to in a bill of exceptions should be written out, and a copy of it should be attached to the bill at the time of signature, so as to render it capable of identification.

2. **Practice, Appellate** : NECESSITY OF EXCEPTIONS TO RULINGS COMPLAINED OF. This court will not review the rulings of the trial court on motions to strike out parts of the petition in the cause when the record fails to show that exceptions were saved to such rulings.

*Appeal from the Barry Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

AFFIRMED.

*Wear & Wright,* for appellant.

*George Hubbert* and *Plummer & Frost,* for respondents.

ROMBAUER, P. J.—Before proceeding to the examination of the errors assigned by the appellant, we must determine what part of them is subject to review upon the transcript of the record before us. Respondents contend that there is no bill of exceptions in the

record, and that, even if there is, such bill fails to show
any exceptions saved except such as arise upon the
giving and refusing of instructions.

The following recitals appear by the record: April
24, 1891. "Now at this day it is ordered by the court
that the defendant be allowed sixty days in which to file
his bill of exceptions in this case." (Also)

"On the. twenty-second day of June, A. D. 1891,
and it being within the time allowed by the court, the
defendant filed his bill of exceptions, which is in words
and figures as follows."

The bill of exceptions also contains a file-mark,
showing that it was filed June 22, 1891.

These entries. sufficiently attest the authenticity of
the bill, and the fact that it was filed in due time.

It appears by the record proper, but not in the bill
of exceptions, that motions to strike out various parts of
plaintiff's petition were filed, and overruled by the court.
These motions, the action of the court thereon, and the
defendant's exceptions, if any, to such action, should
appear by the bill of exceptions. *Kohn v. Lucas*, 17
Mo. App. 30, and cases cited. But as neither the bill of
exceptions, nor any part of the record, shows that
exceptions were saved to the ruling of the court on such
motions, the defendant's assignments of error touching
the rulings of the court on such motions are not before
us on any conceivable theory.

The transcript of the bill of exceptions makes the
following recitals:

"Be it remembered that, on the trial of the. cause,
the following proceedings were had: The plaintiffs, to
sustain the issues upon their part, offered evidence as.
follows (see stenographer's copy of evidence hereto
attached), to which defendant then and there excepted
at the time. The defendant to sustain the issues upon
his part offered evidence as follows (see stenographer's.
copy of evidence as hereto attached). Plaintiff in rebut-
tal offered evidence as follows, to-wit (see copy of

stenographer's evidence hereto attached). This was all the evidence in the case. This is an exact copy of the original bill of exceptions which has been produced for our inspection. Attached to the transcript is a typewritten copy of what purports to be evidence given in some cause. The sheets containing this copy are certified to by no one, but, at the end of the entire transcript, is the following certificate by the clerk : "I do hereby certify that the foregoing is a full, true and complete transcript of all the papers and record entries in the above-entitled cause, and that the testimony hereto attached is the copy of the testimony *furnished by the stenographer*, and is a copy *of the testimony now on file in my office.*" No copy of the stenographer's report of the evidence is attached to the original bill of exceptions, nor is there anything to show that it was so attached when the bill was signed by the judge.

The law in regard to official stenographers in counties having forty-five thousand inhabitants or less ( Barry being one of such counties ) provides, among other things, that that officer shall make out upon the request of the appellant type-written duplicates of his notes of the evidence, *or such part thereof as may be requested*, deliver one copy to the party ordering the same, and deposit the other with the clerk of the court in which the case is pending, "and the clerk, in making the transcript of any bill of exceptions filed in the cause, shall, as far as possible, without copying the same, incorporate the stenographer's transcript so filed with him into the transcript made by the clerk for the appellate court, making the same conform to the bill of exceptions as filed."

This law contemplates that, when a bill of exceptions is presented to the judge for his signature, it should be accompanied by the type-written copy of the stenographer's notes of the evidence, or such parts thereof as the appellant may request of him. "There is nothing in the section," says Judge BLACK in *State*

*ex rel. Harber v. Weor*, 101 Mo. 414, 417, "which gives any countenance to the proposition that the judge should sign the bill of exceptions before the transcript for the party requesting it is produced. The very object in requiring one copy to be furnished the party desiring to prosecute the appeal or writ of error is that the copy may be used in making up the bill of exceptions." In *Crawford v. Spencer*, 92 Mo. 510, it was insisted that there was no bill of exceptions in the record. The original bill as signed by the trial judge and filed was produced in the supreme court under a writ of *certiorari*, and is thus described by Judge BLACK in the opinion : "It consists of one hundred and seventy-two pages of testimony of witnesses, letters and the like, as taken down and copied by the stenographer, attached together by means of strings. Then follows a skeleton bill of exceptions. As an example it states : Plaintiff was then sworn as a witness and testified as follows ( here insert testimony of Samuel W. Crawford ) ; and so with the various witnesses and depositions and motions, except the motion for new trial, which is copied in full, and then follows the signature of the judge. All these pages are attached together by another fastening. The skeleton bill was made out in compliance with the practice which prevails in this state. The depositions and motions were sufficiently identified, *and the evidence of the witnesses sworn in open court was written out, and actually attached to the skeleton bill, before the judge signed the same.* No more could be desired."

In *Tipton v. Renner*, 105. Mo. 1, a case almost identical in its facts with the present, the same learned judge says : "It is the business of the judge, who tried this case, to say what evidence was introduced, and he cannot devolve this duty upon the clerk, the reporter or counsel. It is perfectly plain that he cannot sign a bill as a true one, until the parol evidence is written out and made a part thereof. He ought not to

sign it until this is done, *and, if he does sign the bill before such evidence is written out and inserted, the evidence must be disregarded in this court.* It is just as important now that this character of evidence should be written out and inserted in the bill before it is signed, as it was in the days when we had no official reporters; for the evidence as written out by the reporters from their notes taken on the trial is generally full of mistakes and errors, and incumbered with a mass of immaterial and useless matter, which has no place in the record, and should be eliminated before 'the bill is signed."

These three opinions furnish a fair indication of the requisites of a skeleton bill of exceptions in this state. The papers · referred to therein should be attached thereto, so as to be capable of being identified by the judge when he signs the bill. The copy of the evidence given at the trial should be written out and attached. That this is important will be seen when we consider that, under the law touching official stenographers, that officer is bound to transcribe such parts of the evidence only, as the party desiring it may request. The statement in the skeleton bill ( see stenographer's copy of evidence hereto attached ), when no evidence whatever is attached, is not even a direction to the clerk to insert the same. "One of the very objects of such a bill is to have the trial court pass upon the fact as to whether or not it correctly sets out the evidence given upon the trial." *Morrison v. Lehew,* 17 Mo. App. 635. "Any other rule would enable clerks to make up a record at their discretion, and lead to interminable confusion." *Roberts v. Bartlett,* 26 Mo. App. 620. Under the most liberal view which we are permitted to take of the requirements of a bill of exceptions, we cannot consider this bundle of papers, purporting to be a transcript of evidence in some case, as part of the record in this case, simply because from a recital in the bill we might possibly infer that this is the evidence we

are requested to *see*, and because the clerk certifies that it is a copy of the testimony furnished by the stenographer and now on file in his office. The last decision of the supreme court in *Tipton v. Renner, supra,* puts this question beyond all doubt.

Rejecting the evidence as part of the bill, as we are bound to do, and the record presents nothing for our review. No exceptions are saved to the rulings of the court upon the pleadings, and we cannot consider the objections to instructions in a total absence of any evidence. *Broadwell v. Boulon,* 39 Mo. 401.

The judgment is affirmed. All the judges concur.