Messick v. Fairburn.

JOHN MESSICK, Appellant, v. WILLIAM FAIRBURN, Respondent.

St. Louis Court of Appeals, April 25, 1893.

Practice, Appellate: BILL OF EXCEPTIONS. In order to entitle an appellate court to look into the evidence, and review rulings thereon or instructions founded thereon, the bill of exceptions must either contain the evidence or have a copy thereof attached to it when it is signed.

*Appeal from the Lawrence Circuit Court.*—HON. M. G. MCGREGOR, Judge.

AFFIRMED.

*Cloud & Davies*, for appellant.

*William B. Skinner* and *Henry Brumback*, for respondent.

BIGGS, J.—The plaintiff sued before a justice of the peace to recover $200, alleged to be due to him from the defendant as commissions for the sale of a farm. The defendant had a judgment before the justice, and on a trial *de novo* in the circuit court the plaintiff was again defeated. He has brought the case here, and

complains of the defendant's instructions and the action of the court in excluding certain evidence offered by him.

It is impossible to review the assignments of error upon the transcript of the record before us. The evidence taken at the trial was not properly preserved in the bill of exceptions. The original bill of exceptions, which we have before us, does not contain the evidence; nor was the evidence set forth in a separate paper and attached to the skeleton bill; nor is there anything to show that the judge had the evidence before him at the time he signed the bill. The bill merely calls for the insertion of the stenographer's notes of the evidence. The clerk certifies that the paper was filed in that condition, unaccompanied by any other documents, and that the paper purporting to be the stenographer's copy of the evidence was filed in his office some time afterwards.

It has been decided by this court ( *Gorwyn v. Anable,* 48 Mo. App. 297), and by the supreme court ( *State ex rel. v. Wear,* 101 Mo. 414; *Crawford v. Spencer,* 92 Mo. 510; *Tipton v. Renner,* 105 Mo. 1) that, to entitle an appellate court to look into the evidence, it must either be inserted in the bill of exceptions or it must appear that a copy of it was attached to the bill at the time of the signing.

Rejecting the evidence, nothing is left for review. No questions can arise on the pleadings or the form of the judgment, and we cannot consider the instructions when there is no evidence. Therefore, the judgment of the circuit court will have to be affirmed. All the judges concur.