Moore v. Miller.

---

JOHN C. MOORE, Respondent, v. F. J. MILLER *et al.*, Appellants.

St. Louis Court of Appeals, March 20, 1894; motion for rehearing overruled October 1, 1894.

1.  **Bill of Exceptions:** SKELETON BILL.    A bill of exceptions in skeleton form must identify papers or documents called for but not inserted in it, so as to limit the clerk to the insertion of those intended. And, *held*, that the specification of such papers in the bill in this cause was insufficient.

2.  ———: SPECIFICATIONS OF RULINGS OF COURT.    It is incumbent on a party, who files a bill of exceptions, to see to it that the bill preserves in an intelligible shape what has transpired in the trial court in relation to the rulings excepted to.

*Appeal from the Lewis County Circuit Court.*—HON. J. C. LAMSON, Judge.

AFFIRMED.

*J. Y. McClintock* and *George A. Mahan* for appellants.

*E. R. McKee* for respondent.

ROMBAUER, P. J.—We must dispose of the plaintiff's motion for diminution of the record before proceeding to the examination of the merits of this appeal. The defendants filed in this court what they claim to be a printed copy of the entire transcript of the record and bill of exceptions, consisting of six hundred and thirty-two pages of printed matter, and plaintiff by his motion claims that great part of such matter has been inserted in what purports to be a transcript of the record without any warrant of law. In order to verify the claim, we have sent for the original bill of exceptions, and compared the same with what purports to be a printed transcript. We conclude that the plaintiff's objection is well taken in nearly every instance where he challenges the accuracy of the printed transcript, and that the matter contained on more than three hundred pages, consisting mostly of documentary evidence, has been inserted in the printed transcript without any warrant of law.

The bill of exceptions, as far as it purports to contain any documentary evidence, is a mere skeleton bill containing directions to the clerk to insert certain matters, which are not attached to the original bill of exceptions in any manner; nor is there anything to show that such documents or written matter were before the judge when he signed the bill of exceptions. Where a bill is presented to the court for signature in

skeleton form, it must distinctly appear that the matter to be inserted by the clerk was before the court, and was attached in some manner to the original bill. *Gorwyn v. Anable*, 48 Mo. App. 297, 301. A skeleton bill, which merely contains a roving commission to the clerk to insert into the transcript unattached papers called for by the bill, is not such a bill of exceptions as the statute requires. *Crawford v. Spencer*, 92 Mo. 510; *State ex rel. v. Wear*, 101 Mo. 414, 417; *Tipton v. Renner*, 105 Mo. 1; *Roberts v. Bartlett*, 26 Mo. App. 611, and cases cited.

The bill of exceptions is a most remarkable document in other respects. In a great many instances where it appears by the bill that the court sustained objections to questions propounded to a witness, the witness goes on despite the apparent rulings of the court, and his testimony is set out in the bill of exceptions *in extenso*. It is hardly conceivable that a witness would be permitted to give evidence in opposition to the rulings of the court, and that objecting counsel would stand by and see it done without moving that the testimony be stricken out. Whether such testimony was actually considered by the jury, or whether it was withdrawn by the court from the jury, rests upon bare conjecture. It is incumbent upon parties who complain of the erroneous admission of evidences to see to it that the bill of exception preserves in an *intelligible* shape what has transpired at the trial, to enable appellate courts to review the action of the trial court.

The same difficulty is encountered with the instructions. The bill of exceptions calls for only five instructions asked by the defendant and refused by the court, while the printed transcript calls for eleven.

From the foregoing statement it will sufficiently appear that the plaintiff's motion for a diminution of

the record must be sustained. As nearly all the oral evidence offered upon the trial is connected with the documentary evidence thus stricken from the bill, the rejection of the documentary evidence leaves the residue unintelligible with the exception of some references to the plaintiff's reputation as a lawyer, and we can not consider any part of it. Nor can we consider the instructions, since the evidence is not fully preserved.

It results from the foregoing that we are restricted, in the examination of errors complained of, to those which have reference to the record proper. The action is one for libel. The petition contains three counts, based on three different alleged publications of the libel by the two defendants as president and secretary of a committee charged with the investigation of the litigation between Scotland county and certain holders of bonds issued by said county in aid of a railroad. The plaintiff was prosecuting attorney of the county, and charged with the defense of the county in the litigation. The matter contained in the publication is unquestionably libelous, and the language used exceedingly intemperate. In referring to the conduct of the litigation by the plaintiff the publication says, among other things: "Never was there such driveling idiocy in pleading since the world began, as these records show in our opinion." The concluding sentence of the publication, equally remarkable for its spirit and grammar, is to the following effect: "If the citizens of our county believe that their interests demand a prolongation of such conduct as produced the records referred to in this report, that any man's assumption of prerogative under the technical cloak of law, whilst by betrayal of its spirit he tramples under foot and insults its dignity; to hold official power subservient to, or by

inability stand by and aid the enemy still longer to gain record and time, then they have no further need for the services of this committee.'' The answer denies the publication, pleads justification, and sets up facts in mitigation of damages, and claims that the communication was privileged. The affirmative matter in the answer is denied by reply. The plaintiff's recovery amounted to $200 on each count, being $600 in the aggregate.

That the libel was extensively circulated through the medium of the local press is not denied. As the libel charged the betrayal of a trust reposed by the people in its servant, and by a client in his attorney, the damages awarded were exceedingly moderate. The facts upon which the privilege of the communication rests are not before us, but we are free to say that no privilege is excuse for intemperate language. As the litigation touching the Scotland county bonds forms part of the judicial history of the state, we may also add, with propriety, that we can not see how counsel of the greatest industry and ability could have saved the people of that county from the payment of its bonds to *bona fide* holders. As every citizen is supposed to know the law, and as that law had been settled in this instance by the highest tribunal of the land many years anterior to the time when the plaintiff took charge of the litigation, the attack made upon him by the publication seems to have been wholly unwarranted.

Seeing no error in the record proper, the judgment will be affirmed. All the judges concur.

### ON MOTION FOR A REHEARING.

ROMBAUER, P. J.—The opinion first filed herein is too broad, in holding that, where a bill is presented to the court for signature in skeleton form, it must distinctly

appear that the matter to be inserted by the clerk was before the court when signing the bill, *and was attached in some manner to the original bill.* A distinction has been drawn in that respect between oral evidence and documentary evidence, requiring the former only to be before the court when signing the bill, and making it sufficient if the latter is sufficiently identified, so that the clerk who is directed to insert it is limited to the insertion of the paper intended. In *Pitkin v. Shacklett,* 106 Mo. 575, it was held that, where the plaintiffs claimed under a tax deed, *which was fully described in their pleadings,* a sufficient identification of the deed was afforded by a recital in the bill of exceptions to the following effect: "Plaintiffs, to sustain the issues on their part, offered in evidence *a* tax deed, which was, in words and figures, following: (Here clerk copy tax deed.)" The court said: "A tax deed and some receipts were read in evidence. These copied, as recorded, were relevant, and none others would have been admissible, and a presumption should be indulged that these documents were admitted in evidence, and none others. We think the pleadings can be used in the identification of the deed and receipts." But even under the very liberal rule established in that case we are not at liberty to recede from our opinion.

Here a great part of the evidence is identified in no manner whatever. The recitals in numerous instances in the skeleton bill of exceptions appear in the following form: "Defendants' counsel offered in evidence paper marked Exhibit (giving a letter of the alphabet). Here insert the same." These exhibits are nowhere identified; it is nowhere stated what they relate to, and the direction is no more than a roving commission to the clerk to insert any paper into the transcript which he may find marked as an exhibit with a corresponding letter. Certainly the least

identification that can be required, when a paper is offered in evidence, is that the person offering it should state what the paper is. These exhibits are nowhere referred to in the pleadings; hence the aider by pleadings, which was invoked in the *Shacklett case*, can have no application.

We prefer to pass on every case upon its merits. We have often overlooked the insufficiency of transcripts, when their accuracy was not challenged by opposing counsel. But we are not at liberty to overlook a challenge distinctly made, and hold that a bill of exceptions is sufficient, when, under all the rules applying to records of that character, it is not.

All the judges concurring, the motion for rehearing is overruled.