OLIVE STREET FURNITURE COMPANY, Appellant, v. BRIDGET MULLALY, Respondent.

St. Louis Court of Appeals, April 9, 1895.

1. **Bill of Exceptions:** INSERTION IN TRANSCRIPT OF ORAL EVIDENCE. In order to make oral evidence received at the trial a part of the record, a transcript of it must be inserted in, or attached to, the bill of exceptions before the bill is signed.

2. ———: ORDER OF APPELLATE COURT ON TRAL COURT FOR INSERTION OF ORAL EVIDENCE. When the bill of exceptions, as signed, calls for the insertion of oral evidence which is not attached to it, this court has no jurisdiction, in the course of appellate proceedings in the cause, to make an order requiring the trial judge to sign and attach to the bill a transcript of such evidence prepared by the stenographer, if he should be satisfied that the notes of the evidence have been correctly transcribed.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

*John B. Dempsy* for appellant.

*H. A. Loevy* for respondent.

BIGGS, J.—The respondent filed a motion in this cause for an order on the circuit clerk to transmit to this court the original bill of exceptions. The ground for the motion was that the evidence taken at the trial was embodied in the transcript without warrant of law.

To obviate the necessity for the order, it was conceded by counsel that the skeleton bill of exceptions as signed and filed is as follows: "Be it remembered that on the tenth day of October, 1894, the above entitled cause coming on to be tried before Hon. James E. Withrow, presiding as judge in court room No. 3 of the circuit court of the city of St. Louis, with a jury, the following proceedings were had: (Here insert testimony offered on behalf of plaintiff.) Plaintiff rests. And thereupon defendant prayed the court to instruct the jury as follows: (Here insert instruction marked number 10). Which said instruction the court refused. And thereupon the defendant, to sustain the issues upon her part, offered the following testimony: (Here insert testimony offered on behalf of defendant). Defendant rests. And thereupon plaintiff offered the following testimony in rebuttal: (Here insert plaintiff's testimony in rebuttal). Plaintiff rests. And this was all the evidence offered in the case. Thereupon the defendant prayed the court to instruct the jury as follows," etc.

The bill of exceptions, as signed and filed, is clearly insufficient. It has been often held by this court and

the supreme court that a record must be made by the judge of the court, and not by the clerk or counsel. Therefore, in order to make the oral evidence taken at the trial a part of the record, it must be written out, and, after receiving the approval of the trial judge, it must be inserted in, or attached to, the bill of exceptions before the bill is signed. *Tipton v. Renner*, 105 Mo. 1; *State v. Dalton*, 106 Mo. 463; *Morrison v. Lehew*, 17 Mo. App. 633.

The appellant insists that this court should make an order requiring the trial judge to sign the transcript of the evidence as written out by the stenographer and attach it to the bill of exceptions, if he should be satisfied that the notes of the evidence had been correctly transcribed. Such an order would be clearly outside of our jurisdiction. The opinion of the supreme court in the case of *State v. Howell*, 117 Mo. 307, upon which the appellant relies, gives no countenance to such a rule of procedure. There it was made to appear by affidavits that the evidence, as incorporated in the bill of exceptions, had been falsified after the bill had been filed. On this showing, the supreme court made an order on the trial judge to try the issue of falsification, and, if he found there had been any alteration or spoliation as claimed, that he restore the record to its true condition. The effect of that order was to enable the trial court to correct a record that had been properly made but was subsequently falsified, and not to make an entirely new record, as the appellant claims ought to be done here.

As it is conceded that no error appears upon the record proper, the judgment of the circuit court will be affirmed. All the judges concur.