## THE STATE v. LAYCOCK, *Appellant.*

### Division Two, November 20, 1896.

1. **Criminal Law**: PRACTICE: MOTIONS: BILL OF EXCEPTIONS. The provisions of Revised Statutes, 1889, section 2304, that motions for new trial or in arrest of judgment, or instructions, need not be embodied in a bill of exceptions, "provided the bill of exceptions so filed contains a direction to the clerk to copy the same, and the same are so copied into the record sent up to the appellate court," do not apply to evidence and it can not be preserved in like manner.

2. ————: ————: EVIDENCE: BILL OF EXCEPTIONS. While it is permissible to have a skeleton bill of exceptions refer to the oral evidence and call for its insertion, it must be actually written out and attached to or incorporated in the bill before it is signed by the judge, whose duty it is to determine what evidence was introduced at the trial and see that it is inserted in the bill, and he can not devolve such duty upon anyone else; and if he signs the bill before it has been so perfected, the evidence contained in it will not be regarded by the appellate court.

3. ————: ————: MOTION FOR NEW TRIAL: AFFIDAVIT. A motion for new trial upon the ground of newly discovered evidence should be accompanied by the affidavit of the defendant.

*Appeal from Phelps Circuit Court.*—HON. C. C. BLAND, Judge.

AFFIRMED.

*J. J. Crites* for appellant.

*R. F. Walker*, attorney general, and *Thos. M. Jones*, prosecuting attorney, for the state.

(1) The verdict is not against the evidence; the evidence on the part of the state abundantly justifies the verdict. (2) Instructions numbers 10, 11, and 12, asked for the defendant, were properly refused. They enunciated propositions which never were nor ever will be the law as long as civilized society stands. (3) Instructions numbers 2, 4, 8, and 11, given on the

part of the state, properly declared the law in the case. The evidence showed that Price Hopkins went to the rescue of his brother, William Hopkins. William Hopkins was cut in the barn lot by Bill Laycock, and chased to the house of Muench by Bill Laycock and Wiley Laycock, his brother, and they were still striking at him in the house with deadly weapons when Price Hopkins entered the house and rushed into the difficulty to save his brother's life, which it was his duty to do. If they were trying to kill William Hopkins, which they certainly were attempting to do, then Price Hopkins having entered the difficulty to save his brother's life, and they having killed him, they were guilty of his murder. R. S. 1889, sec. 3462. It was the duty of the court to instruct the jury on all the degrees of homicide. Instruction number 8, therefore, was properly given. *State v. Paxton*, 126 Mo. 500; R. S. 1889, sec. 4208. (4) There was no error committed in the admission of testimony. (5) The instructions designated in appellant's motion for a new trial as erroneously given by the court, were not excepted to at the time, and hence this court will not review them. *State v. Meyers*, 99 Mo. 107; *State v. Griffith*, 98 Mo. 672. (6) The new evidence purported to have been discovered after the trial was evidence that defendants' knew of and had ample opportunity to get away long before the case came on for trial. Their own papers filed in the case show this fact.

SHERWOOD, J.—Bill Laycock, defendant herein, was jointly indicted with his brothers Wiley and George for murder in the first degree, perpetrated by stabbing Price Hopkins in the neck with a knife. The trial upon this charge resulted in the acquittal of Wiley and George, and the conviction of Bill of murder in the second degree, and his sentence to the penitentiary for the term of ten years.

There is nothing faulty in the indictment, nor in any other portion of the record proper.

After the usual record entries as to arraignment, trial, verdict, and conviction of defendant of murder in the second degree, and acquittal of his codefendants, and sentence of defendant, then follows an entry showing motions for new trial and in arrest denied; defendant sentenced, leave to file appeal bond in ten days, affidavit for appeal filed and appeal granted; appeal bond fixed at $5,000; leave to defendant to prosecute appeal as poor person, and leave to file bill of exceptions in sixty days. The date of this entry does not appear.

After these entries then the following occur:
"19th Judicial Circuit.

"(The instructions as set out below may be correctly copied. I have not the originals before me for comparison. I see no errors in the copy that memory reveals. The clerk will copy instructions in transcript from originals on file in his office and see that they are correctly copied.

(Signed)          "C. C. BLAND, Judge.)

"Whereupon, at the request of the plaintiff the court gave the following instructions:

"(The instructions as hereinafter set out are copied from the originals on file in my said office in obedience to the foregoing directions of Hon. C. C. Bland, judge of said circuit court.

(Signed)     "CLERK OF THE CIRCUIT COURT.")

After this the instructions given on behalf of the state as well as those on behalf of defendant are set forth, as well as those refused defendant. Then follows this entry:

"And the jury after hearing the instructions of the court and arguments of counsel retired to consider

of their verdict, and after due deliberation on Sunday, December 15, 1895, returned into court the following verdict:

"(The clerk will here set out the verdict.)

"And on the eighteenth day of December, 1895, and within four days from the time of the rendition of said verdict the defendant filed his motion for a new trial which is in words and figures as follows, to wit:"

Then follow the motion for a new trial and the affidavits of newly discovered evidence as well as affidavits of other and additional evidence of parties who had already testified at the trial.

Then follow the following entries:

"Which said motion on being taken up and argued, was by the court disallowed and overruled, to which action and ruling of the court the defendant then and there at the time, objected and excepted. Whereupon the court entered up the following judgment and sentence:

"(The clerk will here set out the judgment and sentence.)

"And thereupon, on the eighteenth day of December, 1895, and within four days from the rendition of said judgment the defendant files his motion in arrest of said judgment, which said motion is as follows, to wit:

"STATE OF MISSOURI, } ss.
   County of Phelps.

"State of Missouri, }
        v.
  William Laycock. }

"In the circuit court, September term, 1895. Motion in arrest.

"Now comes the defendant and moves the court to arrest the judgment in this case for the reason that

the indictment and allegations therein are insufficient to require the defendant to be placed on trial.

"WILLIAM C. KELLY and

"J. J. CRITES,

"Attorneys for Defendants.

"Which said motion on being taken up and being argued was by the court overruled and disallowed, and to which action of the court the defendant then and there, at the time, objected and excepted.

"And upon the eighteenth day of December, 1895, and within four days after the rendition of the judgment, the defendant filed his affidavit in appeal to the supreme court of the state of Missouri which was by the court granted and allowed.

"And the defendant on the same day filed his affidavit to prosecute his said appeal as a poor person, which said prayer was by the court granted and allowed.

"(Clerk will here set out the order of the court granting the defendant leave to prosecute appeal as a poor person.)

"The appeal bond of the defendant was placed by the court at the amount of $5,000 and the defendant given ten days to file same.

"By the court the defendant was given sixty days in which to file his bill of exceptions.

"And now comes the defendant and presents his bill of exceptions and prays that the same be allowed, signed and filed in this cause, which is done this the twentieth day of January, 1896.        C. C. BLAND,

"Judge of Phelps Circuit Court.

"STATE OF MISSOURI, ⎱
                      ⎰ ss.
County of Phelps.  ⎰

"I, David E. Cowan, circuit clerk within and for said county hereby certify that the above and forego-

ing transcript is a true and correct copy of the record and papers in said cause, together with a copy of the evidence as furnished me by the court stenographer as fully as the same appears of record and on file in my office.

"In testimony whereof I have hereunto set my hand and seal this nineteenth day of May, A. D. 1896.

[SEAL]       "DAVID E. COWAN, Circuit Clerk.
              "H. B. PERRY, D. C."

After this follows an index of two pages containing the names of persons and reference to pages, in a subsequent and independent portion of the transcript, which transcript has a heading on it as follows:

"State of Missouri.

"In the Circuit Court, Phelps County,

"December Special Term, 1895.

"State of Missouri, Plaintiff,
                    "vs.

"George Laycock, William Laycock, and Wiley Laycock, Defendants.

                "Appearances:

"For the State,    ·    "For the Defendants,
"T. M. Jones, Esq.,       "William Kelley, Esq.,
"J. B. Harrison, Esq.,    "Jos. J. Crites, Esq.
"Robert Meriwether, Esq.

"Be it remembered, that upon the trial of the above entitled cause, before Hon. C. C. Bland, judge of the nineteenth judicial circuit, and a jury, on the 10th day of December, 1895, the following proceedings were had, to wit:"

Then follow three hundred and forty-five typewritten pages of testimony, and on the last page is the following certificate:

"I hereby certify that the foregoing is all the testi-

mony taken in this cause.    Given under my hand this 11th day of January, 1896.

"J. V. HOLT, Official Stenographer, 19th
. Judicial Circuit."

The name of the judge who tried this case is not signed to this instrument which contains the testimony nor is there any call, as already seen, by the trial judge for any testimony or evidence nor is there any allusion thereto whatever; nor is there any indication that the trial judge ever saw or read the testimony after it had been typewritten by the official stenographer.    In such circumstances it can not be claimed that there is any evidence preserved by the bill of exceptions, if there is one.

Under the provisions of section 2304, Revised Statutes, 1889, motions for new trial or in arrest or instructions need not be embodied in a bill of exceptions, "*provided*, the bill of exceptions so filed contains a direction to the clerk to copy the same, and the same are so copied into the record sent up to the appellate court."    But upon this statute it has been ruled that this statute did not apply to *evidence*, and that it can not be preserved in the same way as can motions and instructions.    *State v. Griffin*, 98 Mo. 672.

But it has, however, been also ruled that while it is permissible to have a skeleton bill of exceptions, and to have the same refer to the oral evidence in the cause and call for its insertion, that this will not do unless such written evidence is actually written out and attached to, or incorporated in, the bill of exceptions before it is signed by the judge, upon whom is devolved the duty to say what evidence was introduced at the trial, and to see that such evidence becomes part and parcel of the bill of exceptions, a duty which the trial judge can not delegate or devolve either upon the clerk, stenographer, or counsel, and if he does sign the

bill before it has been perfected as before stated, the evidence thus preserved will be treated as worthless by this court. *State ex rel. v. Wear*, 101 Mo. 414; *Tipton v. Renner*, 105 Mo. 1; *State v. Dalton*, 106 Mo. 463.

Furthermore, if we disregard, as we must, the evidence in this cause under the above rulings and look alone to the affidavit concerning newly discovered evidence, we will be stopped at the outset by the significant fact that defendant made no such affidavit. This is fatal to such an application, as we have ruled for many years. *State v. McLaughlin*, 27 Mo. 111; *State v. Campbell*, 115 Mo. 391, and other cases.

Moreover, as we are debarred from looking at the non-preserved evidence in this cause, it is obviously impossible to discover if any error such as the bill of exceptions would have preserved, occurred during the trial of the cause.

Because of the foregoing reasons, judgment affirmed. All concur.