PITKIN *et al., Plaintiffs in Error*, v. SHACKLETT.

DIVISION TWO.

1. **Tax Sale:** ASSIGNMENT BY PURCHASER: DEED: STATUTE. A tax deed merely reciting that the purchaser at the tax sale had assigned to the grantees all his " right, title and interest in and to said land " is void because not substantially complying with the revenue act of 1872 (2 Wag. Stat., pp. 1205-6, sec. 207), making certificates of purchases at tax sales assignable " by indorsement

thereon under the hand of the purchaser," and section 216, authorizing the collector to make a deed to the assignee, but requiring the deed to recite the fact of the assignment, and section 217 prescribing the form of the deed and requiring a recital that the indorsement was under the hand of the purchaser written on the back of the certificate of purchase. (*Following Pitkin v. Reibel,* 104 Mo. 505.)

2. ——— : DEED : SUCCESSFUL CLAIMANT : REIMBURSEMENT FOR PURCHASE PRICE AND TAXES PAID. Recovery can be had for taxes, penalties, interest and costs paid by an assignee or person claiming under the purchaser at a tax sale and for the purchase price under section 219, of the act of 1872 (2 Wag. Stat., p. 1206), if he be defeated in an action for the recovery of the land.

3. Practice: SKELETON BILL OF EXCEPTIONS : PRESERVATION OF EVIDENCE. Where a skeleton bill of exceptions recited that there were offered in evidence "'a tax deed which was in words and figures following : (Here clerk copy tax deed.), and also the following tax receipts which are in words and figures following : (Here clerk copy tax receipts.)" And in preparing the record the clerk copied into the places indicated a tax deed and tax receipts which corresponded to descriptions of a tax deed and receipts contained in the reply, they will be *held* to have been sufficiently identified to make them a part of the bill of exceptions.

*Error to Scotland Circuit Court.*—HON. BEN. E. TURNER, Judge.

REVERSED AND REMANDED.

*McKee & Jayne* for plaintiffs in error.

The court erred in finding for defendant in matter of possession. 2 Wagner's Statutes, secs. 216, 217, p. 1205; secs. 218, 219, p. 1206 ; *Railey v. Guinn,* 76 Mo., p. 635. The court erred in refusing to find and render judgment for plaintiffs and in their favor, for amount equalling the amount by them paid at tax sale, as purchase money, and the taxes on the lands by them subsequently paid, with interest, when it found in the defendant's favor in the matter of recovery. 2 Wagner's Statutes, sec. 219, p. 1205 ; *Pitkin v. Reibel,* 104 Mo. 505.

*E. Schofield* and *Smoot & Pettingill* for defendant
in error.

The bill of exceptions must contain evidence, or at
least such an identification of it, as to make it certain
what was introduced in evidence. *Roberts v. Bartlett*,
26 Mo. App. 611, and authorities there cited; *Jones v.
Christian*, 24 Mo. App. 540; *Crawford v. Spencer*,
92 Mo. 98.

MACFARLANE, J.—This suit is ejectment in the
usual form commenced April 16, 1885, to recover fifty-
five acres of land off the west end of the north half of
northwest quarter, section 3, township 64, range 10, in
Scotland county. The answer was a general denial and
a plea of ten years' adverse possession.

Plaintiffs, in their reply, set out, in substance, that
their claim of title, and right of possession, was under
a deed made by the collector of the county under a sale
of the north half of the northwest quarter of said section
for taxes for the years 1869, 1870 and 1871. They also
stated that they had paid taxes, accruing on the land
subsequent to the collector's sale, and asked, in case
they were defeated in the suit for the recovery of the
land, that they might have judgment for the purchase
price, and for subsequent taxes paid, with penalties,
interest and cost as provided by section 219 of 2 Wag-
ner's Statutes, page 1206. The suit was tried to the
court without a jury.

On the trial, plaintiffs read in evidence a tax deed
made by the collector of the county purporting to con-
vey the land in controversy to them. This deed was
dated, acknowledged and recorded May 28, 1875, and
recited that the north half of the northwest quarter of
said section 3, with other lands, was sold by the collector
in October, 1872, to one M. Vogel, for $24.56, amount of
taxes, interest and cost due thereon for the years 1869,
1870 and 1871, and that the certificate of purchase had

been assigned to plaintiffs. They also read receipts for taxes paid by them on the same land for the years 1872, 1873, 1874 and 1875.

Judgment was for defendant, and plaintiffs bring the case to this court on writ of error.

I.    This tax deed is in the exact form, and contains the same recitals as the one condemned by this court in the case of *Pitkin v. Reibel,* 104 Mo. 506. For the reasons in that case given this deed must also be held insufficient to convey the title to the land to plaintiffs, and the court properly so ruled. For the reasons given in that case, however, plaintiff should have been given judgment for the purchase money paid by the purchaser, subsequent taxes paid on the land, with penalties, interest and cost as provided by the law under which the sale was made.

II.    It is insisted by defendant, and this is the principal contention, that this tax deed and the receipts for subsequent taxes were not properly preserved by bill of exceptions and, therefore, cannot be considered ; that the bill of exceptions filed in the case was a mere skeleton and these papers were not sufficiently described to make their identification certain. The practice has long obtained in this state of filing what is termed skeleton bills of exceptions, that is, instead of copying into the bills documentary evidence, depositions, instructions, motions, etc., to call for their insertion by the clerk in making up the transcript of the record. The matters thus called for become, to all intents and purposes, a part of the bill. This practice answers all practical purposes to be attained ; works no injustice or prejudice when honestly followed ; saves to attorneys much unnecessary labor in the preservation of exceptions, and has been fully recognized and approved by this court. *State v. Van Zant,* 71 Mo. 541 ; *Crawford v. Spencer,* 92 Mo. 498 ; *State ex rel. Harber v. Wear,* 101 Mo. 416 ; *Tipton v. Renner,* 105 Mo. 1. It has been

held also in this state that, in order to make such matters a part of the bill of exceptions, they should be described sufficiently to prevent mistakes or fraud, in preparing the record. *Tipton v. Renner, supra,* and authorities cited.

A skeleton bill of exceptions was filed in the circuit court in this case in which was the following recital: " Plaintiffs to sustain the issues on their part offered in evidence a tax deed which was in words and figures following : ( Here clerk copy tax deed.) And also the following tax receipts, which are in words and figures following, to-wit : ( Here clerk copy tax receipts.) " In preparing the record the clerk copied a tax deed and certain tax receipts in the places in the bill of exceptions where called for in the skeleton bill. It is insisted that the deed and receipts so called for were not attached to the bill of exceptions, nor filed with the clerk, nor marked or identified in any way, in the skeleton bill of exceptions, and, therefore, they cannot be considered as constituting a part of the record. This contention may be true, and, for the purpose of this case, will be taken as true, but we do not think it follows that the deed and tax receipt were not sufficiently identified. It has not been settled, by any definite rule, what description of a deed or other documentary evidence would be a sufficient identification, nor can a general rule be made to apply to all cases.

It seems to us perfectly manifest that no mistake in the identity of this evidence could have been made. The reply of plaintiffs sets out a description of the deed and receipts upon which they rely in the following terms: " A tax deed executed to them by the collector of Scotland county, Missouri, dated May 28, 1875, which deed was duly filed for record in the recorder's office on the twenty-eighth day of May, 1875," The petition gives a description of the land, as fifty-five acres off the west end of the north half of section 3, township 64, range 10, west, in Scotland county. The

reply states further that the "aforesaid land was sold by the collector of Scotland county for taxes due and payable upon the north half, northwest quarter, section 3, township 64, range 10, which includes the land claimed by defendant for the years 1869, 1870 and 1871, and that there was paid on said bid for said lands to said collector said taxes and penalties then amounting to the sum of $24.56, and since said date they have paid taxes on said land as follows : For the year 1872, the sum of $10.98 ; for the year 1873, $6.81 ; for the year 1874, $4.73, and for the year 1875, the sum of $4.09.

The deed and receipts copied into the record correspond exactly with the description given in this reply. The facts stated in the reply constituted the basis of plaintiffs' right to recover the taxes, interest and penalties under section 219, Wagner's Statutes, 1206. We think this pleading can be used to assist in the identification of the deed and receipts. A tax deed and some receipts were read in evidence. These copied as recorded were relevant, and none others would have been admissible, and a presumption should be indulged that these documents were admitted in evidence and none others. Taking the whole record, we think the deed and receipts sufficiently identified to make them a part of the bill of exceptions ; moreover no suggestion is made by defendant that the deed, and receipts copied into the record were not the same that were put in evidence on the trial. Plaintiff should have been given judgment for the proper proportion of the amount paid by the purchaser at tax sale for the whole tract, subsequent taxes paid by plaintiffs or the purchaser, with penalties and interest as provided by said section 219, Wagner's Statutes, *supra.*

Judgment reversed and cause remanded with direction to enter judgment for plaintiffs in accordance with this decision.