THE STATE v. BUCK, *Appellant.*

Division Two, November 19, 1895.

1. **Appellate Practice:** EVIDENCE: BILL OF EXCEPTIONS.  The evidence will not be reviewed on appeal, unless it is incorporated in the bill of exceptions.  A mere reference to it in the bill is insufficient.

2. ———: ———: ———: INSTRUCTIONS.  Where the evidence is not contained in the bill of exceptions, the instructions will not be reviewed, since they can not properly be passed upon in the absence of the evidence.

*Appeal from Ozark Circuit Court.*—HON. W. N. EVANS, Judge.

AFFIRMED.

*Tribble & Love* for appellant.

(1) The evidence does not support the allegations of the petition. (2) It was the duty of the trial judge to fully instruct upon what it took to constitute perjury and to have determined as to whether the facts alleged in the indictment as to the assignment of perjury were material or not. It was the province of the court and not the jury to determine the materiality of the facts alleged to have been sworn to. *State v. Williams*, 30 Mo. 364. (3) The court erred in refusing the instructions asked by defendant. Wharton, Crim. Law, sec. 761.

*R. F. Walker*, attorney general, for the state.

(1) The indictment in this case is sufficient. It contains all the necessary elements of the crime of perjury, and notifies the defendant of the character of the charge he is required to meet. R. S. 1889, sec. 3665; *State v. Cave*, 81 Mo. 450; *State v. Huckeby*, 87 Mo. 414. (2) The instructions were all that could be desired. (3) The defendant has been fairly tried and no error to defendant's prejudice was committed.

SHERWOOD, J.—Convicted of perjury, and his punishment assessed at two years in the penitentiary, defendant appeals to this court. The indictment follows approved forms, and is sufficient.

The evidence, however, though referred to in the bill of exceptions as contained in index sheets marked A and B herewith filed and attached and made a part of this bill of exceptions, constitutes no part of the bill.

Section 2304, Revised Statutes, 1889, provides that: "But it shall not be necessary, for the review of the

action of any lower court on appeal or writ of error, that the motion for a new trial, in arrest of judgment, or instructions filed with the lower court, shall be copied or set forth in the bill of exceptions filed in the lower court; *provided*, the bill of exceptions so filed contains a direction to the clerk. to copy the same, and the same are so copied into the record sent up to the appellate court."

Under the old regime, such motions and instructions had to be incorporated in the bill of exceptions, but this statute has worked a change in this regard as therein specified; but that is the extent of the change; the *evidence* has, as formerly, to be incorporated into the bill, and can not be made part thereof, except by incorporation therein; reference thereto in the bill will not do. *State v. Griffin*, 98 Mo. *loc. cit.* 675.

As the evidence, for this reason, can not be noticed, the same is true respecting the instructions, because it would be impossible properly to pass upon them, unless it were known what the evidence is. It results from these premises that the judgment should be affirmed. All concur.