MARY A. MORGAN et al., Respondents, v. O. W. SHOCKLEY et al., Appellants.

St. Louis Court of Appeals, February 4, 1896.

1. **Practice, Trial:** BILL OF EXCEPTIONS: INCORPORATION OF ORAL EVIDENCE. Oral evidence, which is merely called for by a bill of exceptions, and is written out after signature of the bill by the trial judge, will be disregarded on appeal.

2. **Practice, Appellate:** PRESUMPTIONS. If all claims for damages on the dissolution of an injunction are disallowed by the trial court after hearing evidence, but the evidence thus heard is not preserved by bill of exceptions, it will be presumed on appeal that the order of disallowance was warranted thereby.

*Appeal from the Pulaski Circuit Court.*—HON. C. C. BLAND, Judge.

AFFIRMED.

W. H. *Murphy* and *Charles H. Shubert* for appellants.

*Johnson & Woodside* for respondents.

ROMBAUER, P. J.—This is an appeal taken by defendants from an order of the court disallowing damages upon the dissolution of an injunction. The

bill of exceptions filed in the cause was a skeleton bill, and the plaintiffs claim that it is insufficient to bring up the oral testimony offered upon the hearing of the motion for assessment of damages. The call for the evidence in question in the skeleton bill is as follows: "The defendants offered the following evidence: Here clerk will copy evidence of W. H. Murphy and Oliver W. Shockley." The bill is produced before us, and it appears that the evidence of these witnesses was not written out and attached to the bill of exceptions when it was presented to, and signed by, the judge.

In *Tipton v. Renner*, 105 Mo. 1, a case decided when the present law touching official stenographers was in force, the supreme court, speaking of a similar bill, said: "It is the business of the judge who tried the case to say what evidence was introduced, and he can not devolve this duty upon the clerk, the reporter or counsel. It is perfectly plain that he can not sign a bill as a true one, until the parol evidence is written out and made a part thereof. He ought not to sign it until this is done, and, if he does sign the bill before such evidence is written out and inserted, the evidence must be disregarded in this court." This rule was applied by us in rejecting the evidence in *Gorwyn v. Anable*, 48 Mo. App. 297, and its soundness has not been since questioned by any appellate court in this state.

It thus appears that evidence was offered upon the hearing of this motion, which evidence is not before us for any purpose. *Non constat*, but the evidence thus offered may have disproved all claims for damages on part of defendants in the injunction, and we are bound thus to presume in support of the judgment of the trial court. The judgment entry does not indicate what effect this evidence had upon the finding of the court. It simply recites that "all and singular the premises,

the evidence and argument of counsel, being by the court heard and fully understood, the court doth find the issues upon the motion to dissolve the injunction herein in favor of defendants. And, upon the motion for assessment of damages, the court doth find the issues for the plaintiffs.''

It necessarily results from the foregoing that the necessary data are not before us to enable us to determine whether the court erred in its judgment, and, hence, such judgment must be affirmed. So ordered. All the judges concur.