STERN, LAUER, SHOHL & COMPANY v. FOLTZ; MARKS, Appellant.

Division Two, December 12, 1899.

1. **Bill of Exceptions:** CALLING FOR ORAL TESTIMONY, ETC. The practice of filing skeleton bills of exception in the circuit court and calling therein for deeds, depositions and other exhibits, can not be permitted to go to the length of calling for the oral evidence. The oral evidence must be written out and made a part of the bill before it is signed.

2. ———: ———: STENOGRAPHER'S EXHIBITS. In the skeleton bill of exceptions the appellant recited: "Clerk will here copy the evidence typewritten by court stenographer and hereto attached." Only the oral testimony was thereto attached, and not the various exhibits offered in evidence, which had never been typewritten by the stenographer. *Held*, that the call was only for the oral testimony, and excludes all other evidence from the bill, and the exhibits not having been made a part of the record in the only way known to the law the appellate court can not consider them, and the motion made by respondent to strike them out of the bill of exceptions should be sustained.

3. ———: ———: FILES OF COURT. Where appellant makes defi-
nite calls in the skeleton bill for instructions and other files of court,
that is sufficient.

4. ———: WHOLE CASE. Where the exceptions are such that the
appellate court can not declare there was error without having the
whole case before it and the appellant has not saved the evidence in
such a way as to enable the court to review it, the judgment will be
affirmed.

*Appeal from Vernon Circuit Court.*—HON. D. P.
STRATTON, Judge.

AFFIRMED.

M. T. JANUARY, COOK & ELLIS, J. B. JOHNSON and
JOHNSON, RUSK & STRINGFELLOW for appellant.

(1)   The court stenographer not only made a transcript
of the oral evidence, but preserved a record of all the evidence
given at the trial.   All the evidence as transcribed by him was
attached to the bill of exceptions when signed by the trial
judge.   At page 2 of the typewritten evidence (page 5 ap-
pellant's abstract) the chattel mortgage from Foltz to Marks,
"filed for record in book 55, page 7, in the recorder's office of
Vernon county, Missouri," marked exhibit "A., W. S. W.
(W. S. W. are the initials of the court stenographer) in words
and figures following, to wit:   (Clerk will here copy said
chattel mortgage)."   At page 21 of the type evidence (page
23 appellant's abstract) occurs the following:   "Mr. Ellis—
I now renew the offer, your honor, of the exhibits 'C' and 'E'
(here copy power of attorney acknowledged January 25, 1896,
marked exhibit 'E,' read, in words following: (Clerk will here
copy exhibit 'E'), and on the following page exhibit 'C,' read,
in words following: (Clerk will here copy exhibit 'C.')"   This
exhibit "C" being previously identified as the waiver of
priority by Mrs. Foltz.   On page 32 of typewritten evidence
(page 33 appellant's abstract):   "The deposition of J. J. Foltz
was read in evidence as follows (Here copy deposition of J. J.
Foltz)."   On page 35 of typewritten evidence (page 92 ap-

pellant's abstract) occurs the following: "Whereupon the deposition of R. A. Marks is read in evidence (here copy deposition). Interpleader only offers and reads to the first signature of Mr. Marks, and clerk will only copy that portion." And so with all the other depositions which are copied in full in appellant's abstract. The calls are for depositions on file in the case. As to all written documents, they are identified by the court stenographer as "exhibits" and signed with his initials and all called for by the identifying marks; the contents of the paper being made known when marked as an exhibit.. At page 55 typewritten evidence "Interpleader closed his case in chief." At page 56 "Plaintiff to sustain the issues upon its part offered and introduced the following evidence"—then follows the oral evidence of plaintiffs, with documentary evidence and depositions called for as above stated. (2) The practice of filing skeleton bills of exception in this State is one of long standing. Tipton v. Renner, 105 Mo. 1; Pitkin v. Shacklett, 106 Mo. 571. (3) It is not necessary for the clerk to certify in any manner to the motion for new trial, motion in arrest, or instructions. Under the rules of this court appellant makes his own abstract. McDonald v. Hoover, 142 Mo. 484. (4) Respondent says in his motion to strike out appellant's bill of exceptions, that none of the documentary evidence printed in the abstract of the record is called for by the bill of exceptions. The statement is not accurate, to say the least of it. The bill of exceptions consists of two pages of legal cap. The bill of exceptions calls for, and is attached to, the typewritten evidence consisting of two hundred odd pages. The typewritten evidence makes calls for identified documents, and these are printed in the proper place in appellant's abstract.

Hoss & Scott and I. J. Ringolsky for respondents.

From an examination of the skeleton bill of exceptions the court will see that none of the exhibits or deposi-

tions inserted in the abstract were called for by the judge in the skeleton bill of exceptions. The court will also notice that the typewritten evidence called for, as having been written out by the stenographer, was only the oral evidence introduced at the trial in the lower court. The lower court nowhere calls for the exhibits and depositions referred to, but the stenographer, in making a transcript of the oral evidence, does, in his transcript, designate the places where the various exhibits and depositions ought to be inserted. Our contention is, that all those exhibits and depositions, the pages where the same can be found appearing in our counter-abstract and motion ought to be stricken out. And if stricken out then the whole case of the interpleader will virtually be stricken out, and this court can not, on the record remaining, intelligently pass on any of the questions presented by the appellant. Our second insistance is that this court has nothing to pass on in this cause, except the record proper, for a call is made in the skeleton bill of exceptions for the clerk to insert the motion for a new trial, and in arrest, and for the instructions, and this was not done by the clerk. These motions and instructions do not appear anywhere in the record in this cause. The clerk has not copied them in the bill of exceptions or in the record any place. State v. Griffin, 98 Mo. 672; Ryan v. Groney, 125 Mo. 474; Martin v. Nickells, 63 Mo. App. 342; Moore v. Miller, 59 Mo. App. 14.

GANTT, P. J.—This is an appeal in an action of attachment commenced and prosecuted to judgment in the circuit court of Vernon county, Missouri. The plaintiffs recovered judgment and the interpleader appealed.

The appeal reached this court by the short method of a certificate of judgment and order of appeal.

The appellant has filed an abstract of what purports to be the record in the circuit court. Plaintiffs in due time filed their counter-abstract in this court in the shape of a certified

copy of the bill of exceptions filed in the circuit court, and thereupon filed their motion to strike out and ignore the exceptions brought to this court by interpleader.

That our ruling may not be misunderstood we copy the skeleton bill of exceptions filed in the circuit court in order to set out the respective contentions—omitting caption:

"Be it remembered that on this 23d day of November, A. D. 1896, during the regular term of the Vernon county circuit court, the above entitled cause coming on for trial on the interplea before the Honorable D. P. STRATTON, with a jury, the following proceedings were had:

"The ruling of the court is that the interpleader has the right to open and close the case under the pleadings; to which ruling of the court plaintiffs then and there excepted at the time. The interpleader, to sustain the issues upon his part offered and introduced the following evidence: (Clerk will here copy the evidence typewritten by the court stenographer and hereto attached.)

"The foregoing was all of the evidence offered at the trial. At the close of the evidence, interpleader moved the court to give instructions numbered 11 and 13, in words and figures following, to wit: (Clerk will here copy instructions numbered 11 and 13), which request was by the court refused, and to the decision of the court in refusing to give said two instructions and each of them, interpleader then and there at the time excepted. At the request of plaintiffs in the attachment, the court gave instructions numbered 1, 2, 3, 4, 5 and 6, in words and figures as follows, to wit: (Clerk will here copy said instructions numbered 1, 2, 3, 4, 5 and 6). To the giving of said instructions and each of them, interpleader objected, and to the decision of the court in giving each and every one of said instructions interpleader then and there at the time excepted. At his own motion the court gave instruction number 8, in words and figures following, to wit: (Clerk will here copy instruction numbered 8). To the giving of which in-

struction interpleader objected, and to the ruling of the court interpleader then and there at the time excepted."

At the request of the interpleader, the court gave instructions numbered 7, 9 and 10, in words and figures following, to wit: (Clerk will here copy said instructions numbered 7, 9 and 10).

"The foregoing were all of the instructions given in the cause. The interpleader then claimed the right to open and close the argument to the jury, which was by the court overruled, and the plaintiff was by the court permitted, over the objection of the interpleader, to open and close the argument to the jury, and to the decision of the court interpleader then and there excepted. The jury returned a verdict in favor of Stern, Lauer, Shohl & Co., plaintiff in the cause. Afterwards, and within four days from the trial, and during the continuation of said November term of court, interpleader filed a motion for a new trial in words and figures following, to wit: (Clerk will here copy said motion for a new trial). Said motion coming on for hearing at said term of court, interpleader read in support thereof the affidavits of Charles Ardery, C. W. Sponsler, J. H. Mitchell, F. H. Shackelford, W. R. Kindel, J. J. Foltz, W. T. Williams, R. A. Marks, and J. J. Swofford, in words and figures following, to wit: (Clerk will here copy said affidavits, which are a part of the files in this case.)

"On the hearing of the said motion for a new trial and at the close thereof the court overruled the same and to the decision of the court in overruling said motion for a new trial, interpleader then and there at the time excepted. Afterwards, and within four days from the trial interpleader filed his motion in arrest of judgment, in words and figures, following, to wit: (Clerk will here copy said motion in arrest of judgment). Which said motion was taken up at the same term of court and overruled and to the decision of the court in overruling said motion interpleader then and there at the time excepted.

"Wherefore, interpleader now presents this, his bill of exceptions, and prays that the same may be signed, sealed, filed and made a part of the record.

"Which is accordingly done this 10th day of April, 1897.

"D. P. Stratton (Seal.)    Judge of the Vernon County Circuit Court."

Indorsements on the back as follows:

"Filed, April 19, 1897.

"Henry C. Brady, Clerk.

"By E. L. Pattorf, D. C."

In the abstract filed by interpleader he has incorporated the depositions of J. J. Foltz on pages 33 to 64; of L. G. Marks, on pages 64 to 83; Florence Foltz, 83 to 91; R. A. Marks, 92 to 105; A. Dennebeim, 106 to 111; Alvin Lauer 201 to 206; Charles Shohl, 206 to 209, "and at page 2 a chattel mortgage from Foltz to Marks, filed for record, book 55, page 7."

On the foregoing statement we are called upon to say whether the said chattel mortgage and the said depositions constitute a part of the record of this case.

The practice of filing a skeleton bill of exceptions in the circuit court has prevailed for many years in this State and calling therein for deeds, depositions and other exhibits, read in evidence, by referring to them and describing them so clearly that no mistake can be made as to their identity. [Crawford v. Spencer, 92 Mo. 498; Myers v. Myers, 98 Mo. 262; Tipton v. Renner, 105 Mo. 1; Pitkin v. Shacklett, 106 Mo. 571.]

But this rule has never gone to the length of permitting counsel to call for the oral evidence. On the contrary we have ruled that the oral evidence must be written out and inserted before the bill is signed, and made a part thereof. [State v. Griffin, 98 Mo. 672; Tipton v. Renner, 105 Mo. 1.]

In this case, indulging a liberal intendment in favor of the bill, inasmuch as it recites that the typewritten evidence had been written out and was then attached to the bill, the

bill would seem to be sufficient to bring up the oral evidence, but we must not be understood as approving this slipshod method of preparing a bill. The only correct way to make a bill is to insert the evidence in the bill, not merely attach it.

But the point here is that the interpleader only called for the "evidence typewritten" at that time by the stenographer and that was the oral evidence only and not the various exhibits offered in evidence which were not then typewritten by the stenographer and never have been even to this time.

Indeed, all that counsel for interpleader claim is that "the typewritten evidence makes calls for identified documents." But making calls for written evidence is not the typewritten evidence of the stenographer and "calls" by the stenographer are not calls by the party whose duty it is to make the bill of exceptions.

We think it is too plain for argument that the call of interpleader for evidence is restricted *ex vi termini* to the oral evidence taken by the stenographer and subsequently typewritten by him and the bill excludes all other evidence.

Not having been made a part of the record in the only way known to the law this court can not consider the chattel mortgage or the depositions and the motion to strike them out must be sustained.

The objections to the instructions and motions for new trial and in arrest however are not tenable. They were files of the court and interpleader made proper and definite calls for them.

II. We have endeavored to find sufficient left in the record to enable us to pass intelligently upon the propositions urged by counsel in their brief for the interpleader, but as the interpleader's case all hinges upon the validity of the chattel mortgage and that mortgage has not been preserved for our inspection and the references to it only confuse, we think the case falls within the rule that he who alleges error must show

it and with a fragment of the case only left for our considera-tion we are unwilling to convict the circuit court of error.

The case is one in which fraud is charged, and it often happens that some ruling standing alone appears to be errone-ous, but when considered with all the evidence it is harmless. It is certain we can not say that the instructions are erroneous unless we had before us the evidence upon which they were predicated.

And this court has often ruled that it will affirm a judg-ment where the whole evidence shows the verdict was for the right party notwithstanding there was error in some instruc-tion.

Nor can we indulge the presumption in this case that the evidence now remaining is all the evidence because the briefs of counsel before us fully advise us that it is only a fragment.

Upon the record porper we find no error, and as the ex-ceptions are such that this court ought not to convict the cir-cuit court of error without knowing the whole case tried before it and appellants have neglected to save the evidence in such a way as will enable us to review it, we must indulge the presumption in favor of the circuit court and affirm the judgment and it is so ordered.

BURGESS, J., concurs; SHERWOOD, J., absent.