CORA A. ELLIS, Respondent, v. SCHOOL DISTRICT 3, TOWNSHIP 26, etc., Appellant.

St. Louis Court of Appeals, March 12, 1901.*

Bill of Exceptions, when to be filed: TYPEWRITTEN MATTER FILED AFTER SKELETON BILL HAS BEEN FILED IS NOT PART OF BILL. Typewritten matter, purporting to be transcript of evidence in a case, which shows by indorsement that it was not filed until two days after the trial judge had signed the skeleton bill of exceptions becomes no part of the bill of exceptions.

Appeal from Scott Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*This case was received too late to be placed in chronological order.

*Elam B. Mills* for appellant.

(1) The law provides that among the qualifications of a school director he must be a resident taxpayer and qualified voter of the district. R. S. 1889, sec. 7988, p. 1857. In this case the instrument relied on by the plaintiff and called a "contract," was made and entered of record in the month of August, 1899, and the testimony shows that Lilburn Greer, who signed said instrument as president, had removed from the district in the month of July, previous, and therefore his authority as school director had terminated, and no act of his could legally bind the district. (2) The law provides that all meetings of the board of directors "shall be held at some place within the school district; that said meetings shall be ordered or called by the president of the board, and that each member shall have due notice of the time, place and purpose of such meeting, and that the clerk shall keep a correct record of the proceedings;" and further provides that in the absence of the clerk, one of the members of the board shall keep such record. R. S. 1889, sec. 7990. (3) In this case the pretended meeting had not been appointed or ordered. No notice had been given that a meeting would be had, nor of time, place or purpose thereof. Lilburn Greer, the president of the board, met with one of the directors by accident, and not by purpose or intent, and without the knowledge of the other director, in the city of Sikeston, outside of the district and in the absence of the clerk, and without any record book, and in the absence of the plaintiff, and they two (Greer and the other director whom he met) verbally agreed to employ the plaintiff. This occurred in May. No record or minute was made by the clerk or any member of the board; its only existence was held in the memory of Greer until the latter part of July or some time in August, 1899. After Greer had vacated his office by removing

from the district he then signed the pretended contract sued on, and long after Greer signed it, in the month of August, 1899, the plaintiff signed the alleged contract; and then for the first time was the matter made a matter of record, which Hutchason, the district clerk, says was done by him as such clerk by recording the instrument sued on in the defendant's record upon the verbal order of Lilburn Greer, who was then a non-resident. Not only does Revised Statutes 1889, section 7988, prescribe the qualifications of school directors, but section 7991, Revised Statutes 1889, provides in express terms that the removal of a director from a district vacates such office and renders any subsequent action of his as such officer null and void. No step is necessary to be taken; no action is prescribed to be followed; no remedy is provided that must be appealed to to vacate the office as director; but the simple fact of removal from the district, alone, of itself, operates to annul the authority of the director and leaves him with no power to bind the district or to act for it in any capacity.

*M. Arnold* and *McPheeters & Harris* for respondent.

(1) "Records are made by order of the court and not by order of counsel or by voluntary action on the part of clerks." Christy v. Myers, 21 Mo. 112; United States v. Gamble, 10 Mo. 459; Blount v. Zink, 55 Mo. 455; Jefferson City v. Opel, 67 Mo. 394; Ober v. Railroad, 13 Mo. App. 84. As said in Morrison v. Lehew, 17 Mo. App. 635: "One of the very objects of such a bill is to have the court to pass upon the fact as to whether or not it correctly sets out the evidence given upon the trial." (2) "Any other rule would enable the clerks to make up a record at their discretion, and would lead to interminable confusion." Roberts v. Bartlett, 26 Mo. App. 620. And again it was said in Tipton v. Renner, 105 Mo. 1: "It

Ellis v. School District.

is the business of the judge who tried the case to say what evidence was introduced, and he can not devolve this duty upon the clerk, the reporter or counsel. It is perfectly plain that he can not sign a bill as a true one until the parol evidence is written out and made a part thereof. He ought not to sign it until this is done, and, if he does sign the bill before such evidence is written out and inserted, the evidence must be disregarded in this court. It is just as important now that this character of evidence should be written out and inserted in the bill before it is signed as it was in the days when we had no official reporters; for the evidence as written out by the reporters from their notes taken on the trial is generally full of mistakes and errors, and incumbered with a mass of immaterial and useless matter, which has no place in the record and should be eliminated before the bill is signed."

BOND, J.—Plaintiff sues for a breach of contract of employment as a teacher of a public school. The defense is a general denial and that the contract of employment was void because not entered into as required by law. Plaintiff recovered judgment for $160, from which defendant appealed.

It is insisted by the respondent that the transcript filed in this court does not correctly set forth what was contained in the bill of exceptions at the time the same was filed in the lower court. We caused certiorari to issue for the purpose of bringing the original bill of exceptions here for our inspection. The return to that writ has put us in possession of the original bill of exceptions. It appears therefrom that it was signed in the form of a skeleton bill and that the only reference which it contained, at the time of its signature, to-wit, January 27, 1900, by the trial judge, to the testimony was the following directions to the clerk; to-wit: "The clerk here insert testimony offered by plaintiff to and including the words

'plaintiff rests;'" and again, with reference to defendant's testimony, the following: "Clerk will here insert."

There was attached to the original bill of exceptions as it was sent up in compliance with the writ, some typewritten matter purporting to be questions and answers of witnesses on the trial of this cause. But the typewritten matter is shown by indorsement on its back, not to have been filed until January 29, 1900, or two days after the trial judge had signed the skeleton bill. Under these circumstances it became no part of the bill of exceptions, since it was not written out and on file or identified and attached to the bill of exceptions at the time the trial judge affixed his signature to the bill. Morgan v. Shockley, 65 Mo. App. 179, and cases cited; Tipton v. Renner, 105 Mo. 1; State v. Buck, 130 Mo. 480.

This leaves nothing for review but the record proper. As that fails to show any error in the obtention of the judgment in the lower court, it is affirmed. All concur.