BY THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

### OCTOBER TERM, 1904.

FORBS, Appellant, v. ST. LOUIS, IRON MOUNTAIN
& SOUTHERN RAILWAY COMPANY, Respond-
ent.

**St. Louis Court of Appeals, October 18, 1904.**

1. **PRACTICE: Bill of Exceptions: Skeleton Bill: Parol Evidence.**
Section 866 of the Revised Statutes of 1899, as amended by Act
of 1903, permitting a skeleton bill of exceptions, does not allow
the incorporation of parol evidence. by direction of the clerk to
copy, in the skeleton bill, and such evidence can not be consid-
ered as a part of the bill of exceptions unless copied into and
made a part thereof.

2. ———: ———: ———: **Stenographer's Notes.** The
stenographer's transcript of the oral evidence made and filed
under section 10129 of the Revised Statutes of 1899, can not be
considered as a part of the bill of exceptions unless inserted in
the same.

3. ———: ———: ———: ———: ———. But where such trans-
cript of the testimony was accepted by opposing counsel and
then submitted to the trial judge and by him approved, although
the bill of exceptions which included it by reference had been
previously signed, such bill of exceptions may be considered.

4. **CONTRACT: Consideration.** A valuable consideration, al-
though small or even nominal, in the absence of fraud, is
enough to support a contract entered into upon the faith of it.

5. ———: ———: **Re-employment.** The re-employment of a servant, who has been injured, is a sufficient consideration to support a relinquishment by him of all claim for damages against his employer on account of such injuries, though his contract of re-employment was vague and indefinite in duration and subject to termination at the will of the employer.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED.

*David W. Hill* for appellant.

(1) A release is construed as a covenant not to sue. Arnett v. Railway, 64 Mo. App. 368. (2) Then, as a release is a simple contract not to sue, it must be supported by a valuable consideration. The promise of the servant, in this case, not to sue, was made wholly without consideration, the alleged release being a mere *nudum pactum,* and can not be enforced at law. Clark on Contracts, p. 153, sec. 66; 1 Parsons on Contracts (6 Ed.), p. 447; Broom's Legal Maxims (8 Ed.), p. 745. (3) "Though the consideration need not be adequate to the promise, it must not be illusory or unreal; some real benefit must be conferred on the promisor, or some real detriment suffered by the promisee." Clark on Contracts, sec. 72, p. 164; Green v. Highman, 161 Mo. 333, 61 S. W. 798; Chenoweth v. Express Co., 93 Mo. App. 185; Hill v. Railway, 82 Mo. App. 188; Lamp Co. v. Electrical Mfg. Co., 64 Mo. App. 115; Marks v. Bank, 8 Mo. 319; St. Louis v. Gas Co., 70 Mo. 116; Lancaster v. Elliott, 55 Mo. App. 254. (4) "Another form of unreality of consideration is where the alleged consideration is a promise to do, or actually doing, what a person is already bound to do. The promisor gets no more in return for his promise than the promisee was already bound to give, and therefore receives no consideration. Such prior obligation may arise from a previous con-

tract, or from law, independently of contract." In the case at bar, in the alleged release, the master simply agreed to re-employ the servant for such time as would be satisfactory to the company only, when the servant was already employed by the company by the month. Clark on Contracts, p. 184; Bishop on Contracts (2 Ed.), p. 50, sec. 48; 1 Parsons on Contracts (6 Ed.), pp. 458 and 459; Tucker v. Bartle, 85 Mo. 114; Jennings v. Chase, 10 Allen (Mass.) 526; Warren v. Hodge, 121 Mass. 106; Schuler v. Myton, 48 Kan. 282; Ayres v. Railway, 52 Iowa 478; Holmes v. Boyd, 90 Ind. 332; Vanderlip v. Schreyer, 91 N. Y. 392; Keffer v. Grayson, 76 Va. 517; 3 Am. and Eng. Ency. of Law, pp. 830-834. (5) The consideration stated in the alleged release in this case is an agreement on the part of defendant to re-employ plaintiff "for such time only as may be satisfactory to said company," the defendant. The written contract does not fix the term of employment, and the option to fix the term was not given to plaintiff, but was reserved by the defendant. Where the term of employment is thus left indefinite, either party may put an end to it at will, and without cause. Plaintiff did not, by the conditional promise of re-employment, acquire any valuable or enforcible right, and the alleged release, on its face, shows no such consideration as would be sufficient to bar a recovery herein. Railway v. Scott, 72 Tex. 70; Railroad v. Wilson, 24 S. W. 686.

*Martin L. Clardy* and *Louis F. Dinning* for respondent.

(1) The evidence copied by appellant in his abstract of the record was not preserved in the bill of exceptions filed in this cause. Therefore said evidence is not before this court for review or examination. This being the case the only point open for examination by this court, is the record proper. Section 2304, Revised

Statutes 1889, was carried into the revision of 1899, without change, and is section 866 of that revision.  In 1903 the Legislature of this State amended section 866 by striking out the words: ''The motion for a new trial, in arrest of judgment or instructions' filed in the lower court,'' and inserting in lieu thereof, the words: ''Any pleading, motion, instruction or record entry in the case, or any written or printed matter offered in evidence upon the trial and properly identified and deposited with the clerk to remain in his custody until after the determination of the cause in the appellate court.''  Laws 1903, p. 105.  (2)  It will be observed that the only change made in said section 866, by the amendment aforesaid, so far as the same relates to the preservation of evidence by bill of exceptions, is by the following words: ''Or any written or printed matter offered in evidence upon the trial and properly identified and deposited with the clerk, to remain in his custody until after the determination of the cause in the appellate court, shall be copied or set forth in the bill of exceptions filed in the lower court.''  The only kind of evidence that can be preserved in a bill of exceptions, without being copied therein is ''any written or printed matter offered in evidence upon the trial and properly identified and deposited with the clerk, to remain in his custody until after the determination of the cause in the appellate court.''  Section 10129, Revised Statutes, which was section 8259, Revised Statutes 1889, provides for a court stenographer to make a transcript of the testimony taken at a trial, when required by appellant or plaintiff in error, in civil cases.  Tipton v. Renner, 105 Mo. 1; State ex rel. Harber v. Wear, 101 Mo. 414, 14 S. W. 115; Roberts v. Bartlett, 26 Mo. App. 611; Morrison v. Lehew, 17 Mo. App. 635.

REYBURN, J.—1.  From judgment in an action for damages for personal injuries upon verdict for defendant rendered by a jury, in obedience to an impera-

tive instruction to so find, given by the court at close of the testimony introduced by him, plaintiff has appealed. At the threshold of this case, we are confronted by the objection of respondent to the record on the ground that the evidence, which was made up entirely of oral testimony elicited from plaintiff and his witnesses, was not properly embodied in the bill of exceptions. At the June term, 1903, plaintiff's motion for a new trial, filed at the June term of the previous year, was overruled and plaintiff appealed, being granted sixty days from June 19, 1903, in which to file bill of exceptions. On July 27, 1903, plaintiff filed with the clerk of the circuit court a bill of exceptions duly signed by the trial judge; this bill was in skeleton form and the evidence introduced at the trial was not copied therein, being in full as follows:

"Now on this twenty-seventh day of July, 1903, comes the plaintiff in the above-entitled cause, and files herein his bill of exceptions, which bill of exceptions is in words and figures following:

"On the seventeenth day of June, 1902, it being the fourteenth day of the June term of said court, the above cause was tried in said court before the judge thereof and a jury when the following proceedings were had and the following evidence was introduced, as fully set forth in the official stenographer's certified transcript of said evidence filed in the office of the clerk of said court on the twenty-second day of July, 1903, which said transcript of the evidence is in the words and figures following: (Clerk, here please copy same).

"This was all the evidence offered.

"And on the twenty-first day of June, 1902, it being within four days after the taking of the involuntary nonsuit in said cause in said court, the plaintiff filed in said court his motion to set aside his nonsuit and to grant him a new trial herein, which said motion to set aside the nonsuit is in the words and figures following: (Clerk, here please copy same).

"And on the fifth day of June, 1903, it being the fifth day of the June term of said court, after plaintiff's motion to set aside the nonsuit herein had been continued until that time, the court overruled plaintiff's said motion to set aside said nonsuit, by an entry of record in the words and figures following: (Clerk, here please copy said order). To which ruling and order of the court the plaintiff, by his attorney, then and there duly objected and excepted.

"And that the above matters and things, rulings and exceptions may be made a part of the record, plaintiff tenders this his bill of exceptions, and prays that the same may be signed and sealed as such, which is accordingly done, this twenty-seventh day of July, 1903.

      "J. L. Fort,   (Seal.)

  "Judge of the Butler County Circuit Court.

    " 'O. K.' David W. Hill.

      "Attorney for Plaintiff.

    " ——————————,

      "Attorney for Defendant."

Appellant, in reply to this objection urged by respondent, has answered that on the twenty-second day of July preceding, the official stenographer's transcript of the testimony was duly filed in the office of the clerk of the court, and later attached to the bill of exceptions, forwarded to the attorney of respondent, and by him returned to plaintiff's attorney with suggestions of a few words additional to the testimony, to which the latter assented and such additions were made, and later the skeleton bill, previously signed by the trial judge, together with the transcript of the testimony, was exhibited to him, approved and filed in the office of the clerk of the circuit court, but these latter facts of course do not appear in the record.

By enactment of the Forty-second General Assembly, section 866, Revised Statutes 1899, was amended

so that after June 21, 1903, when the laws of 1903 became operative, it was no longer necessary that any pleading, motion, instruction or record entry in a case, or any printed or written matter offered in evidence at the trial, properly identified and deposited with the clerk to remain in his custody till after determination of the cause in the appellate court, should be copied or set forth in the bill of exceptions filed in the lower court, provided such bill contained directions for the clerk to copy them and they were copied into the record sent to the appellate court. The object and convenience of this act were apparent, and it was, in effect, but affirming the general practice usually employed in the preparation of bills of exceptions, but requiring as a further essential, that written or printed evidence should be lodged with the clerk pending determination by the upper court. Laws of 1903, p. 105. It will be observed that this amendatory act did not attempt to disturb the law existing, relative to the preservation for proper presentment in the appellate court of evidence, introduced in the form of oral testimony. The effect of the section of the statutes, the subject of the above legislative action, had been prior thereto, considered by the Supreme Court and an interpretation adopted. In State v. Buck, 130 Mo. 480, 32 S. W. 975, a prosecution for perjury, the evidence was not incorporated in the bill of exceptions, and the court, through Judge SHERWOOD, later quoting above section, being 2304, Revised Statutes 1889, states: "The evidence, however, though referred to in the bill of exceptions as contained in index sheets marked 'A' and 'B,' herewith filed and attached and made a part of this bill of exceptions, constitutes no part of the bill. Under the old regime, such motions and instructions had to be incorporated in the bill of exceptions, but this statute has worked a change in this regard as therein specified; but that is the extent of the change; the evidence has, as formerly, to be incorporated into the bill, and can not be made part thereof,

except by incorporation therein, reference thereto in the bill will not do.'' Article 4, chapter 162, of the statutes, contains the provisions for official stenographers in counties of less than 45,000 population, of which Butler county is one. Vol. 2, Revised Statutes 1899, p. 2356. Section 10129 of this article, which governs the making of transcripts by the court stenographer of testimony at a trial, has also received the attention of the Supreme Court. In Tipton v. Renner, 105 Mo. 1, 16 S. W. 955, the skeleton bill signed by the judge, after calling for the deed of trust and other documentary testimony employed at the trial, continued thus: ''The plaintiff then introduced parol testimony as follows: (Here copy testimony taken by shorthand reporter). To the introduction of which defendant objected on the ground of incompetency, and his objection being overruled by the court, he saved his exceptions at the time;'' and the defense also used the like method. ''Defendant also testified as follows: (Here copy testimony taken for defendant by shorthand reporter). To the introduction of which plaintiff objected on the ground of incompetency and irrelevancy, and objection being overruled, plaintiff excepted at the time, and this was all the evidence in the cause.'' In commenting upon above method, the court, through Judge BLACK, says: ''The practice of filing a skeleton bill of exceptions in the circuit court had long prevailed in this State, and is now well established. Thus, it is sufficient to say plaintiff read in evidence a deed, deposition on file or other document, describing the same, so there can be no mistake as to its identity, and concluding, 'which is in words and figures as follows,' or with words of like import. This will be sufficient to authorize the clerk to fill out the bill by inserting the document. Crawford v. Spencer, 92 Mo. 498-510, 4 S. W. 713; Myers v. Myers, 98 Mo. 262-271, 11 S. W. 617. But we have held that a judge will not be required to sign a bill of exceptions as a true bill until the oral evidence is written out

and inserted in or attached to the bill, and this, too, though the evidence was taken down by an official stenographer. State ex rel. Harber v. Wear, 101 Mo. 414, 14 S. W. 115; Walker v. Stoddard, 31 Mo. 123; Tobert v. Bartlett, 26 Mo. App. 619; McNeil v. Ins. Co., 30 Mo. App. 306.

"It is the business of the judge who tried the case to say what evidence was introduced, and he can not devolve this duty upon the clerk, the reporter or counsel. It is perfectly plain that he can not sign a bill as a true one until the parol evidence is written out and made a part thereof. He ought not to sign it until this is done, and, if he does sign the bill before such evidence is written out and inserted, the evidence must be disregarded in this court. It is just as important now that this character of evidence should be written out and inserted in the bill before it is signed as it was in days when we had no official reporters; for the evidence as written out by the reporters from their notes and taken on the trial is generally full of mistakes and errors, and incumbered with a mass of immaterial and useless matter, which has no place in the record and should be eliminated before the bill is signed.

"There is a contention made known to us by affidavits filed in this court, that counsel on both sides agreed that this bill might be signed and filed in the shape in which we find it. That agreement must be and is disregarded, for, as has been said, it was the duty of the judge to say what evidence was produced and admitted or rejected, and this he must do by a proper bill of exceptions. The judgment is affirmed. BARCLAY, J., dissents; the other judges concur." Finally in Stern v. Foltz, 152 Mo. l. c. 558, 54 S. W. 451, the court reiterates, "But this rule (i. e. the practice of filing a skeleton bill of exceptions), has never gone to the length of permitting counsel to call for the oral evidence. On the contrary we have ruled that the oral evidence must be

written out and inserted before the bill is signed and made a part thereof."

In this court, in Gorwyn v. Anable, 48 Mo. App. 297, the bill of exceptions contained recitals in similar form to above case, the testimony of both parties being referred to thus: "The plaintiffs, to sustain the issues upon their part, offered evidence as follows (see stenographer's copy of evidence hereto attached), to which defendant then and there excepted at the time. The defendant, to sustain the issues on his part, offered evidence as follows (see stenographer's copy of evidence as hereto attached). Plaintiff in rebuttal offered evidence as follows, to-wit: (see copy of stenographer's evidence hereto attached)." Attached to the transcript was a copy of the evidence and at end of the transcript a certificate of the clerk was appended, but no copy of the stenographer's report of the evidence was attached to the bill, nor anything to show that it was so attached when the bill was copied. The court reviews the above and other cases and says: "This law contemplates that, when a bill of exceptions is presented to the judge for his signature, it should be accompanied by the typewritten copy of the stenographer's notes of the evidence, or such parts thereof as the appellant may request of him." The soundness of the rule declared in this latter case is affirmed subsequently in Morgan v. Shockley, 65 Mo. App. 179, which in turn is approved in Ellis v. School District, 89 Mo. App. 258.

In State ex rel. v. Wear, 101 Mo. 414, 14 S. W. 115, a proceeding by mandamus to compel a circuit judge to sign a bill of exceptions, in a case resulting in conviction of murder in first degree, Judge BLACK again takes occasion to say: "It is the common and approved practice in making up a skeleton bill of exceptions to call for motions and documentary evidence filed in the cause or deposited with the clerk. The party taking the bill must, however, cause the oral evidence to be written out, and it must be made a part of the bill, so that it may be

examined by the judge and corrections made. Until the oral evidence is written out the judge is not called upon to sign the bill as a true one. As the oral evidence in this case was not written out or submitted to the judge with the skeleton bill he was right in refusing to approve the bill as first presented. Time for filing the bill having been given, it devolved upon the defendant to present the bill to the judge with the evidence incorporated therein for his examination and signature. This the defendant did not do. The facts stated in the return show that it is the defendant and his counsel who are in default and not the judge.''

These cases, while not the only decisions to this effect, suffice to demonstrate that the question is no longer open to doubt and are decisive.

Appellant has invited attention to Crawford v. Spencer, 92 Mo. 498, discussed in the above case in this court; but upon an examination, it will be apparent that the evidence of the witnesses was written out and actually attached to the bill before the judge signed it, and the effect of this case is also impaired by the subsequent decisions above mentioned. The case of Pitkin v. Shacklett, 106 Mo. 571, 17 S. W. 641, is confined to the instance where tax deeds and receipts were called for in the skeleton bill and copied in by the clerk in preparing the record, and does not touch upon oral testimony. In the case of Town of Kirkwood v. Cairns, 44 Mo. App. 88, the judge in signing the bill, inserted a proviso, that it should be subject to revision by plaintiff, and any additional evidence desired by him, not objected to by defendant, should be inserted, but there was no suggestion of such revision or any additional testimony inserted, and while the court held that it did not lie in the mouth of plaintiff to question the bill, the practice of signing a bill subject to revision of counsel should not be encouraged, and that if it could be seen that any prejudice or mistake might have resulted in the case

before the court, it would have held that there was no bill of exceptions.

The last expression of the Supreme Court, invoked by appellant, is the case of Carlin v. Wolff, 154 Mo. 539, 51 S. W. 679, 55 S. W. 441, which deals with a call for a plat attached to the bill called for therein, marked as an exhibit, and the court, recognizing that the old rule requiring the incorporation of evidence has been relaxed by statute so far as to render valid such reference to documentary evidence, cites the case of Tipton v. Renner, supra.

It is manifest that the infirmity charged is far from being narrow or hypercritical, and the rule contended for upon consideration is substantial and important as exhibited by the reasoning of the cases quoted and that any other course of procedure would be perilous and inevitably conducive to loose practice and invite and facilitate gross abuses.   However, in the light of the conditions characterizing the present case, and in view of the assertion not controverted, that although the bill of exceptions had been previously signed, later when the testimony was transcribed it was supplemented and accepted by counsel for respondent and then submitted to the trial judge and by him approved, and while heartily commending the rule enunciated in Stern v. Foltz, supra, that "the only correct way to make a bill is to insert the evidence in the bill, not merely attach it," the bill herein may be tolerated.

2.   Plaintiff charged that while engaged in defendant's employ as a common laborer cleaning a passenger car, the latter was negligently struck by an uncoupled and detached baggage car in manner detailed, cutting and wounding his face with broken glass, and permanently disfiguring him.   After general denial and contributory negligence pleaded, defendant in bar of right of recovery by plaintiff set forth that for a valuable consideration, plaintiff had signed a release under seal for

all damages sustained, which instrument was made part of the answer, and was in form following:

"Whereas, on, and prior to April 20, 1902, F. M. Forbs was an employee of the Missouri Pacific Railway Company and St. Louis, Iron Mountain and Southern Railway Company, and, as such employee, was engaged as extra coach cleaner at or near Poplar Bluff, State of Missouri; and,

"Whereas, said F. M. Forbs received certain injuries, as follows, to-wit: Abrasion and contusion of nose and cheek, by reason of being thrown against window glass in I. M. coach 454, by switching crew making a run of I. M. B. & M. 550 against I. M. 454, at 11:30 p. m., April 20, 1902.

"For which said F. M. Forbs admits that there is no liability on the part of the railway company because said injuries did not result from negligence of the said company. Therefore, for and in consideration of the re-employment of said F. M. Forbs by said railway company for such time only as may be satisfactory to said company, and in order that said railway company may be assured that it will not hereafter be annoyed by any suit or suits for damages from said injuries, the said F. M. Forbs does hereby release said railway company and acquit it in full for any and all claims that said F. M. Forbs has or may hereafter have for damages growing out of said injuries.

"Given under my hand and seal this twenty-third day of April, 1902.　　　F. M. FORBS.　　(Seal.)

"Witnesses:

"ROBERT CHISM,
"GEORGE W. BABCOCK."

In reply plaintiff admitted the execution of the release, but to evade its legal effect charged it was wholly without consideration and therefore not binding upon him. It appeared from the testimony that the accident

occurred about midnight and he lost two and one-half nights' wages, for which he had been receiving the rate of $45 per month, in consequence of his injuries, but resumed work on the night of the twenty-third and was discharged April 26. While as a general rule in order to support an agreement a legal consideration is requisite, it is not essential to the validity of a contract that the consideration therefor should be adequate in value. A valuable consideration, although small or even nominal, in absence of fraud, is enough to support the agreement entered into upon the faith of it. 1 Beach, Contracts, par. 5. To quote from the early case of Marks v. Bank, 8 Mo. 316, "It is unnecessary that the consideration should be adequate in point of actual value, the law having no means to decide upon this matter. If the least benefit or advantage be received by the promisor from the promisee, or a third person, or if the promisee sustain any, the least injury or detriment, it will constitute a sufficient consideration to render the agreement valid." The reason for such doctrine being that it is the policy of the law not to weigh the quantum of consideration, but refraining from interference with the freedom of contract suffer the parties to freely exercise their judgment and will in consummating agreements and determine for themselves the benefits derived from their bargains. 6 Am. and Eng. Ency. of Law (2 Ed.), p. 694, par. 5. In the language of the tribunal of another State adopted in Blaine v. Knapp, 140 Mo. l. c. 251, 41 S. W. 787, "Courts of law must allow parties to make their own contracts and enforce only such as they actually make. Whether the contract is wise or unwise, reasonable or unreasonable, is ordinarily an immaterial inquiry." Neither bad faith nor duress in obtaining the release was attributed to defendant but it was executed by plaintiff of his own volition, comprehending that it relieved the defendant of liability but actuated on his part by the desire to secure re-employment, and the cause of his discharge shortly ensuing

was independent of and disconnected from the casualty. The re-employment of appellant although vague and indefinite in duration constituted a sufficient consideration for the discharge of defendant from liability if any existed and as presented in this proceeding the release confronts plaintiff as an impassable barrier to the maintenance of this action and the judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.