[No. 8567.   Department One.   March 31, 1910.]

## GEORGE R. TINDALL, *Appellant*, v. NORTHERN PACIFIC RAILWAY COMPANY, *Respondent*.[1]

APPEAL — REVIEW — HARMLESS ERROR — RELEASE—PLEADING—EVIDENCE. It is not prejudicial error, in an action for personal injuries, to admit evidence of a release of damages not pleaded in the answer, where the release was first properly admitted on cross-examination of the appellant affecting his credibility, and explained by him without any claim of fraud or duress, on redirect examination.

RELEASE—CONSIDERATION—SUFFICIENCY. A release of damages, advisedly signed by an injured servant as a condition precedent to, and for the purpose of securing, reemployment, is given upon sufficient consideration, and is binding in the absence of fraud, although no definite time of service was agreed upon.

RELEASE—MUTUALITY. Such an agreement is not void for want of mutuality because the reemployment was not for a definite time, where the company agreed to allow the employee to work "under the same circumstances as before the accident."

RELEASE—EXECUTION—VALIDITY. A release of damages given by an injured servant in consideration of reemployment is binding upon the servant although not signed by the employer, where the contract was executed by reinstating and continuing him in employment for more than six months.

Appeal from a judgment of the superior court for King county, Gay, J., entered November 13, 1909, granting a nonsuit at the close of plaintiff's case, dismissing an action for personal injuries, after a trial before the court and a jury. Affirmed.

*Heber McHugh* and *John T. Casey* (*Milo A. Root*, of counsel), for appellant.

*Carroll B. Graves* and *Charles H. Winders*, for respondent.

GOSE, J.—This is a suit to recover damages for personal injuries sustained by the plaintiff on the 28th day of July, 1907, while in the employ of defendant as foreman of a switching crew. The case went to trial to a jury on the 5th

[1]Reported in 107 Pac. 1045.

day of November, 1909. At the close of the plaintiff's testimony, the defendant challenged the sufficiency of the evidence, and moved for judgment on three grounds: (1) that there was no evidence of defendant's negligence, (2) that the plaintiff assumed the risk, and (3) that it affirmatively appeared that the plaintiff had settled the claim upon which the action was based, before the commencement of the suit. The motion was sustained upon the last ground, and a judgment for costs was entered in favor of the defendant. The plaintiff has appealed.

The record discloses that the appellant has had about twenty-two years' experience in railroad work, five years of which he was in the employ of the respondent; that at the time of the accident he was foreman of a switching crew consisting of five men; that in the discharge of his duties he took three cars from a side track, placed one of them on the main track, and caused the other two to be switched back onto the side track against other cars; that owing to a defective lug in the stationary car, the automatic coupler failed to connect, and the two cars started toward the main track, when appellant took a scantling, two by four in dimensions, and placed it at first under the front wheel of the car and, after that wheel had passed over it, threw it under the rear wheel; that the plank split, and a sliver penetrated his hand, causing the injury complained of.

About two weeks after the accident, the appellant made a report to the respondent on one of its printed forms, stating that the injury was not caused by any defect in the machinery or appliances, or through the negligence of any of the respondent's employees. No officer or agent of the respondent was present when the appellant made the report. It was his own free and voluntary act and statement. On September 24, 1907, the appellant desiring reemployment, as a condition precedent thereto executed a release, in which he reiterated the statements made in his first report, and released and discharged the respondent from all claim for damages for

the injuries he had sustained. The release recited that there was no agreement upon the part of the respondent to continue his employment for any length of time, but that he was "to be simply reinstated and allowed to work under the same circumstances as before the accident." The appellant testified that, before signing the release, he had a conversation with the claim agent of the respondent, who informed him that he could not go to work until he executed the release; and that he signed it in order to get work and get money to pay his bills. The appellant was thereupon reinstated, and continued in the employ of the company until April, 1908, a period of more than six months. This action was commenced in January, 1909.

The appellant first contends that the release was not pleaded, and was improperly admitted in evidence. The error, however, was without prejudice. The release was first properly admitted in evidence in cross-examination of the appellant as affecting his credibility. On redirect examination the appellant explained the circumstances attending its execution, making no claim of fraud or duress, but assigned as the sole reason for its execution the fact that he desired reemployment and could not get it without executing the release. The facts were then before the court, and it was for it to determine its legal effect.

It is next urged that there was no consideration for the release. We cannot agree with this contention. The recoverable damage, if any, was unliquidated and uncertain. That which is of value to one of the parties or a detriment to the other is a sufficient consideration to support a contract, in the absence of fraud. To hold that the release is not binding upon the appellant would, in effect, destroy his power to contract. He desired reemployment by the respondent, and could not obtain it without releasing it from liability for any claim for damages resulting from his injury. He acted advisedly. He understood that it rested with him to determine whether he would stand upon his claim for damages and seek

employment elsewhere, or acquit the respondent of liability and secure reinstatement. He chose the latter course, as he frankly stated, because he wanted to secure employment so that he could pay his bills. This view is supported by the following cases: *Forbes v. St. Louis I. M. & S. R. Co.*, 107 Mo. App. 661, 82 S. W. 562; *Cleveland etc. R. Co. v. Hilligoss*, 171 Ind. 417, 86 N. E. 485; *Hobbs v. Brush Electric Light Co.*, 75 Mich. 550, 42 N. W. 965; *Smith v. St. Paul & D. R. Co.*, 60 Minn. 330, 62 N. W. 392; *Carter White-Lead Co. v. Kinlin*, 47 Neb. 409, 66 N. W. 536.

In the *Forbes* case the plaintiff, a railroad employee, received an injury and, in consideration of being reemployed by the railway company "for such time only as may be satisfactory to said company," released it from all claim for any damages he had sustained. It was held that, notwithstanding the reemployment was indefinite in duration, it constituted a sufficient consideration for the discharge of the company from liability. In the *Cleveland* case the plaintiff, a street car conductor, was injured in a collision while in the discharge of his duties. He executed a release to the company upon its agreement to employ him "so long as satisfactory to it, and not otherwise." The court said the consideration was sufficient to give validity to the release. In *Missouri K. & T. R. Co. v. Smith*, 98 Tex. 47, 81 S. W. 22, 107 Am. St. 607, 66 L. R. A. 741, cited by the appellant, a release, executed in consideration of reemployment "for such time only as may be satisfactory to said company," was held to have been executed without consideration. We think the rule announced by the Missouri and Indiana courts is more in consonance with the fundamental law of contracts. It is of the highest importance to the individual that the freedom of contract be not impaired, and that he be given the fullest liberty to determine for himself the question of the sufficiency of the consideration, where no fraud is present and where the consideration does not touch the question of public policy.

The point is made that the contract is wanting in mu-

tuality. This contention is also without merit. *Carter White Lead Co. v. Kinlin,* and *Smith v. St. Paul & D. R. Co., supra.* The precise point urged is that there was no obligation on the part of the respondent to continue the employment for any definite time. The appellant had been employed by the respondent for about five years, and was reinstated and "allowed to work under the same circumstances as before the accident."

The questions of duress and public policy are suggested. The appellant's testimony shows affirmatively, as we have seen, that he voluntarily executed the release. Public policy, we apprehend, is not violated by permitting a person to enter into a contract to perform legitimate labor.

Finally, it is said the respondent did not sign the release, and that it is therefore of no binding force. The release shows on its face that it was not intended that the respondent should sign it. It did, however, reinstate the appellant, and continued his employment for a period of more than six months in consideration of the release. When the appellant resumed work, the contract was an executed one, and he cannot now complain that the release was not signed by the respondent.

The view we have taken of the case makes it unnecessary to consider the questions of the negligence of the appellant and assumption of risk.

The judgment is affirmed.

RUDKIN, C. J., CHADWICK, and FULLERTON, JJ., concur.